# Richmond

## MARIANNE M. WATKINSON

v.

## ROBERT E. HENLEY, III

No. 1138-90-2

Decided September 17, 1991

COUNSEL

Andrea H. Rowse (Williams, Mullen, Christian & Dobbins, on briefs), for appellant.

Denis F. Soden (Spinella, Owings & Shaia, on brief), for appellee.

OPINION

COLEMAN, J.—This appeal addresses the extent to which a trial court, in a proceeding to modify child support, must determine and award support using the guidelines of Code § 20-108.2 when the prior award had been based upon an amount agreed to in a consent decree. Code § 20-108.2 provides that in "any judicial" proceeding to determine child support, there shall be a rebuttable presumption that the amount of the award shall be the sum resulting from applying the guidelines, unless such amount is, by written findings, determined to be "unjust or inappropriate." However, Code § 20-109.1 provides that "[a]ny court may affirm, ratify and incorporate by reference in its decree dissolving a marriage . . . any valid agreement between the parties, or provisions thereof, concerning . . . the care . . . and maintenance of their minor children or establishing or imposing any other condition or consideration, monetary or nonmonetary." We hold that the trial court erred by ruling that it was required to award the presumptive amount of child support and that it could not consider whether that amount was "unjust or inappropriate" by taking into account the child support provisions of the consent decree or amount agreed upon between the parties. Accordingly, because the trial court did not consider whether the amount of child support agreed to between the parties and other provisions underlying the consent decree were in the best interest of the children, we reverse and remand the case.

Marianne Watkinson and Robert Henley were divorced on December 31, 1981. Ms. Watkinson was granted custody of their two minor daughters, and Henley was ordered to pay support of $450 per month per child and $750 per month spousal support. Over the next several years, the parties voluntarily agreed to modify Mr. Henley's child support obligation. This litigation stems from the most recent consent decree dated May 19, 1989, which increased Henley's child support to $1,500 per month in exchange for Watkinson's agreement to terminate spousal support and for Henley to be able to claim one child dependency income tax exemption. Ms. Watkinson remarried seven months after the court entered the consent decree increasing child support and waiving

spousal support. Shortly thereafter, Robert Henley, who had re-married and has a second family, petitioned the court to reduce his child support obligation. He alleged a material change in cir-cumstance and sought to have the court adjudicate the amount of child support he should pay within the guidelines of Code § 20-108.2.

The trial court entered the consent decree May 19, 1989, with-out taking evidence from the parties. Code § 20-109.1 authorizes the court to affirm, ratify and incorporate the provisions, in whole or in part, of an agreement between the divorcing parties concern-ing child support and other provisions. At the hearing on June 4, 1990, on Robert Henley's petition to reduce the $1,500 monthly sum agreed upon, both parties produced evidence of their income as of May, 1989, when the consent decree was entered, and of their present income.

Robert Henley, at the time of the consent decree, was earning $7,450 per month income from his law practice. Marianne Watkinson was earning $357 per week working at a commercial real estate business. Since the prior decree, Henley's income from his law firm had increased to $8,076.20 per month. He also received $2,345 per month from other business interests and investments. Watkinson's earnings had increased to $385 per week. However, Henley testified that when he entered into the agreement to increase the amount of child support, he did so based on his projected level of income, and that, because of the decline in the commercial real estate market, his chief area of law practice, his actual income had fallen far short of his projections. Thus, he contends this constitutes a material change in circum-stance justifying a modification in his support obligation. More-over, he contends that the court should entertain his position based on the enactment of the child support guidelines of Code §§ 20-108.1 and 20-108.2 and modify his obligation accordingly.

The trial judge held that because he had not been involved in the May 19, 1989, agreement, "it was difficult to determine that there was a material change in circumstances." He did find a change in circumstances based on Henley's "1989 income, his 1990 projection of income, and other income producing assets." He also held that the statutory guidelines were mandatory and that the record did not support a finding that their application

would be unjust or inappropriate.

The court found Henley's gross monthly income to be $8,000 and Watkinson's to be $1,656. Pursuant to Code § 20-108.2 and based on the income of the parties, the trial court reduced Henley's child support payments to $1,290 per month, which was the presumptive amount provided by the child support guidelines. In reducing the amount of child support to $1,290 per month, the trial court did so "despite the agreement of the parties and counsel entered into a short time ago," which required that he pay $1,500 per month, relieved him of paying $750 per month spousal support at a time when he was still obligated to do so, and made him eligible for another tax dependency exemption.

## I. MATERIAL CHANGE IN CIRCUMSTANCES

"The court may, from time to time after decreeing [for child support] . . . revise and alter such decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require." Code § 20-108. "In exercising this power the court may revise and alter its decree if a material change in condition and circumstances has occurred." *Featherstone v. Brooks*, 220 Va. 443, 446, 258 S.E.2d 513, 515 (1979). Where a party has demonstrated a material change in circumstance, the trial court must determine whether that change justifies a modification in the support award by considering "the present circumstances of both parties and the benefit of the children." *Yohay v. Ryan*, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987).

Code § 20-108.2 was enacted to establish uniformity of support awards. *Richardson v. Richardson*, 12 Va. App. 18, 22, 401 S.E.2d 894, 896 (1991). However, we ruled in *Milligan v. Milligan*, 12 Va. App. 982, 988, 407 S.E.2d 702, 704 (1991), "that the material or substantial change of circumstance rule established prior to the enactment of Code § 20-108.2 is [not] required as a condition precedent to a child or party obtaining the benefits of that code section where either can show a significant variance between the guidelines and the court's prior decree . . . . Code [§ 20-108.2] itself supplies the reasons to review the previous award and apply the guidelines." The consent decree was entered on May 19, 1989, which was prior to the effective date of

July 1, 1989, that trial courts were required to presume that the amount of support as calculated from the guidelines of Code § 20-108.2 was correct. Prior thereto the trial court was permitted to consider the guidelines. Thus, the trial court was not required to have considered the guidelines when it entered the consent decree. Accordingly, regardless of whether Henley had proven by a preponderance of the evidence a change in circumstance that would have permitted the trial court to consider reducing his support obligation under *Featherstone*, we hold that the trial court did not err in finding that, because a significant variance existed between the presumptive amount of child support under Code § 20-108.2 and the amount awarded by the consent decree, the trial court was required to entertain a modification hearing pursuant to Code § 20-108.

## II. CONSENT DECREE

■ "Code § 20-108 gives the divorce court continuing jurisdiction to change or modify its decree concerning the custody and maintenance of minor children, and a contract between husband and wife cannot prevent the court from exercising this power." *Featherstone v. Brooks*, 220 Va. at 446, 258 S.E.2d at 515. While divorcing parents cannot, by agreeing upon the amount or conditions, prevent a court from exercising its authority to determine child support, "public policy favors prompt resolution of disputes concerning the maintenance and care of minor children. . . . Voluntary, court-approved agreements promote that policy and should be encouraged." *Morris v. Morris*, 216 Va. 457, 459, 219 S.E.2d 864, 867 (1975). By virtue of Code § 20-109.1, a trial court

> may accept a child support agreement, in whole or in part, or it may completely reject the agreement and exercise its statutory right to determine support. If the court accepts the agreement, its decree may merely approve, ratify or affirm the agreement, in whole or in part, without incorporating its provisions into the decree or ordering payment or compliance with its terms. . . . The court also has the option to incorporate by reference the child support provision, in whole or in part, . . . [under Code § 20-108 and] Code § 20-109.1, and retain jurisdiction to enforce compliance through its contempt powers.

*Fry v. Schwarting*, 4 Va. App. 173, 178, 355 S.E.2d 342, 345 (1987).

 The starting point, however, for determining the child support obligation of a party, whether initially or at a modification hearing, is to compute the presumptive amount using the schedule found in Code § 20-108.2(B). *Richardson*, 12 Va. App. at 21, 401 S.E.2d at 896. The presumptive amount is rebuttable, however, and the court may deviate from the presumptive amount if such amount is unjust or inappropriate. Code § 20-108.2(A). When the trial court finds the presumptive amount to be "unjust or inappropriate," for reasons it must express in written findings, the court may vary the amount of child support it awards by adding or subtracting a just and appropriate amount from the presumptive sum. *Richardson*, 12 Va. App. at 21, 401 S.E.2d at 896. Once a trial court determines the presumptive amount, it does not decide whether that amount is "unjust or inappropriate" without considering the amount in relation to the factors set forth in Code §§ 20-107.2 and 20-108.1. While a particular amount may appear to be "just and appropriate" on its face, when considered in comparison to what the parties have agreed upon, and in relation to other extraneous circumstances, the presumptive amount may be unjust or inappropriate. The court may vary from the guidelines by considering any relevant evidence which pertains to the factors set forth in Code §§ 20-107.2 and 20-108.1, which factors may be reflected in the child support or other provisions of an agreement which indirectly benefit a child. *Alexander v. Alexander*, 12 Va. App. 691, 696, 406 S.E.2d 666, 668 (1991).

 We hold that where parents have agreed upon an amount, or agreed upon other provisions, for the support and maintenance of a child, the trial court must consider the provisions of the agreement, that relate to the factors in Code §§ 20-107.2 and 20-108.1, in deciding whether the presumptive amount would be unjust or inappropriate in a particular case. In so doing, the trial court *must* consider whether the agreed provisions for the child would better serve the interest or "equities" for the parents and children. Code § 20-107.2(2)(h). The best interest of the child or children is the paramount and guiding principle in setting child support, whether it be adopting the presumptive amount, calculating an alternate sum after the presumptive amount has been re-

butted, ordering the amount agreed upon between the parents, or approving, ratifying and incorporating, in whole or in part, the child support provisions of a contract. *See Milligan*, 12 Va. App. at 988, 407 S.E.2d at 709. Furthermore, we hold that if the trial court finds that the presumptive amount is unjust or inappropriate because the provisions in a separation agreement serve the best interest of the child, the court may vary from the guidelines by ordering support be paid in an amount equal to the benefits provided for in the contract. Alternately, the court may, rather than judicially set support, elect to affirm, ratify and incorporate by reference the agreement between the parties, or any provisions thereof, concerning the maintenance and support of the minor children, or establish or impose any other condition or consideration, monetary or nonmonetary. Code § 20-109.1. *See Fry*, 4 Va. App. at 178, 355 S.E.2d at 345.

■ Thus, while the trial court must proceed to ascertain the presumptive amount of support due under the statutory guidelines, and must make written findings of fact as to why application of the guidelines would be unjust or inappropriate, it retains the authority to approve the provisions of an agreement between the parties, which may include monetary or nonmonetary benefits for the child. The authority which the legislature gave trial courts to ratify and incorporate an agreement between the parties empowers the courts to provide specific support provisions, such as educational, insurance, and health care benefits, beyond the age of majority, which the trial court could not otherwise order, and it may do so as part of a decree enforceable by contempt. Code § 20-109.1.

Code §§ 20-108.1 and 20-108.2, which establish a procedure that must be followed in any proceeding to determine support by requiring a determination of the presumptive amount, provide a procedure which trial courts must follow in determining support. The procedure enables courts to reduce the disparity in child support awards, but the statute does not divest trial courts of the authority to adopt a voluntary agreement between parents where the provisions upon which they have agreed better serve the welfare of the child than would the amount provided by the support guidelines.

■ The trial court modified Robert Henley's $1,500 per month child support obligation, which was based upon an agree-

ment and consent decree, "despite the agreement of the parties," by making an award based upon the presumptive amount under the guidelines. The trial court did so after finding that there was no reason to find the sum unjust or inappropriate. Obviously, it did not consider that the agreed amount of the consent decree and other provisions may have better served the child's interest. While the best interest of the child is the paramount concern in varying from the guidelines, the needs and resources of the parents and their equities are factors under Code §§ 20-108.1 and 20-107.2(2) which must be considered in deciding whether to vary from the presumptive amount or whether to ratify, affirm and incorporate or to reject the child support provisions of a separation agreement.

At oral argument, Mr. Henley alleged that the consent decree did not have the same legal effect as an agreement or contract between the parties, that the trial court had no evidence before it disclosing why the parties entered into the decree, and that the court should not be concerned with the reason the parties entered into the decree. We disagree. The language of the decree which the parties submitted for judicial approval sets forth the intent and goals of the parties. The statement of facts made part of the appellate record pursuant to Rule 5A:8 in lieu of a transcript, submitted to and approved by the trial court, also sets forth the reasons why the parties entered into the decree. When the court approved the decree, it did so with the best interest of the two children in mind. However, when the trial court modified the award by adopting the presumptive amount, its findings that the sum was not unjust or inappropriate did not mention the prior support award or the factors in the prior decree as reasons for setting the amount of $1,500. The reasons the parties entered into the consent decree included the fact that the husband obtained an additional dependency exemption, and the fact that the husband was relieved of his support obligation of $750 per month. These are factors which are specifically provided for by Code §§ 20-107.2(2)(d) and (h) and 20-108.1(B)(1) and are factors that may justify varying from the support guidelines.

On remand, the trial court, in deciding whether a significant variance exists between the former award and presumptive amount under the guidelines, or whether a change in circumstance justifies a modification of the prior support award, must, after as-

certaining the presumptive amount, decide whether it would be unjust and inappropriate to vary from the guidelines. In so doing, the court must explain why a reduction in child support from the former award would not be unjust and inappropriate on these facts, especially when, apparently, the husband's income has increased since the last award and the needs of the children have not decreased.

## III. CALCULATION OF INCOME

The appellant contends that the trial court erred in calculating Robert Henley's income and thereby using a deflated sum to calculate the presumptive amount of child support to be paid. On this record, we are unable to determine how the trial court calculated Mr. Henley's income. The evidence shows that he received more than $8,000 per month from his law practice and in excess of $2,000 per month from other business investments. However, the trial court found his income was $8,000 per month. Upon remand, the court must take evidence regarding the income and financial circumstances of the parties when they entered into the consent decree, and take evidence of their present financial circumstances to determine whether there has been a change in circumstances which would justify reducing the previously ordered child support.

For the foregoing reasons, the decision of the trial court is reversed, and the case is remanded for further action consistent with this decision.

*Reversed and remanded.*

Baker, J., and Benton, J., concurred.