## Norfolk

### MICHAEL FRANCIS PHARO

v.

### DIANE GREGER PHARO

No. 0926-93-1

Decided November 15, 1994

COUNSEL

David W. Holland, for appellant.

Isabel H. AtLee (Hall, Fox, AtLee and Robinson, on brief), for appellee.

OPINION

**BRAY, J.**—Michael F. Pharo (husband) appeals an order which fixed his monthly child support obligation, payable to Diane Greger Pharo (wife), the custodial parent, at $1205. He complains that the trial court departed from the shared custody statutory guidelines and failed to provide sufficient written justification for the deviation. We agree and reverse the award.

The relevant facts are not in dispute. In proceedings arising from wife's bill of complaint for divorce, the trial court was required to determine the parties' obligations to support the child born to their marriage. Each presented evidence of income, expenses, custody and visitation, and other circumstances material to the issue. The court then computed monthly child support due from husband to wife of $1205, using the sole custody statutory guidelines of Code § 20-108.2, and $715 applying the statute's shared custody formula.

The trial court "determined that [husband] had sufficient visitation to qualify for shared custody support guidelines" but concluded that "use of . . . [such] guidelines would seriously impair [wife's] ability to maintain minimal adequate housing and provide other basic necessities for the child." *See* Code § 20-108.2(G).

Without further written findings or explanation, the court then deviated from the shared custody guideline amount and fixed husband's support obligation at $1205, an award consistent with the sole custody child support "guideline tables." Code § 20-108.2(B).

■ Code § 20-108.2(A) provides, in pertinent part, that:

[t]here shall be a rebuttable presumption in any judicial or administrative proceeding for child support . . . , *including cases involving . . . shared custody*, that the amount of the award which would result from the application of the guidelines set forth in this section is the correct amount of child support to be awarded. In order to rebut the presumption, the court shall make written findings in the order as set out in § 20-108.1, . . . that the application of the guidelines would be unjust or inappropriate in a particular case as determined by relevant evidence pertaining to the factors set out in §§ 20-107.2 and 20-108.1.

(Emphasis added). *See* Code § 20-108.1(B). "The finding that rebuts the guidelines shall state the amount of support that would have been required under the guidelines" and "shall give a justification of why the order varies from the guidelines," based upon the statutory considerations. Code § 20-108.1(B).

■ In reviewing awards which applied the guideline support statute to sole custody cases, we have instructed that the "starting point for a trial court in determining the monthly child support obligation of a party is the amount as computed" pursuant to the statutory schedule. *Richardson v. Richardson*, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991). Once this presumptively correct statutory sum is ascertained, the trial court may then "adjust the amount based on the factors found in Code §§ 20-107.2 and 20-108.1," but such deviation "must be supported by written findings which state why the application of the guidelines . . . would be unjust or inappropriate." *Id. See* Code § 20-108.1(B). The order "must identify the factors that justified deviation . . . and explain why and to what extent the factors justified the adjustment" in "enough detail and exactness to allow for effective appellate review of the findings." *Richardson*, 12 Va. App. at 22, 401 S.E.2d at 897. "[A] trial court may not avoid the statutory mandate by simply concluding . . . that circumstances" warrant a guideline

departure. *O'Brien v. Rose*, 14 Va. App. 960, 964, 420 S.E.2d 246, 249 (1992).

◼ In reaching the statutory guideline figure in cases involving shared custody,[1] subsection (G)(3) of Code § 20-108.2[2] requires the trial court to apply a formula more complex than a sole custody analysis, but, like that determination, the resulting award enjoys a rebuttable presumption of correctness. Code § 20-108.2(A). Code § 20-108.2(A) also permits deviation from the shared custody guidelines, if accompanied by "written findings in the order . . . that [their] application . . . would be unjust or inappropriate . . . as determined by relevant evidence pertaining to the [statutory] factors." Code § 20-108.2(A). Additionally, no shared custody "calculation . . . shall . . . create or reduce a support obligation to an amount which seriously impairs the custodial parent's ability to maintain adequate housing and provide other basic necessities for the child." Code § 20-108.2(G)(3)(c).

Here, we acknowledge the trial court's written finding that application of the statutory "shared custody calculations would seriously impair the [wife's] ability to maintain minimal adequate housing and provide other basic necessities for the child." However, this justification for guideline departure, standing alone, was conclusory and lacked sufficient detail to satisfy Code §§ 20-

---

[1] Code § 20-108.2(G)(3)(c) specifies those custodial circumstances which require application of the "shared custody rules."

[2] [T]he amount of child support to be paid is the difference between the amounts owed by each parent to the other parent, with the parent owing the larger amount paying the difference to the other parent.

To compute the monthly amount to be paid by one parent to the other parent, the following calculations shall be made:

(a) The "basic child support obligation" of each parent shall be the "total shared support" multiplied by the other parent's "custody share." The "total shared support" of both parties equals statutory guideline amount determined pursuant to subsection B for the combined income of the parties and the number of shared children multiplied by 1.25. A parent's "custody share" equals the number of days that parent has physical custody of a shared child per year divided by the number of days in the year.

(b) To each parent's "basic child support obligation" shall be added the other parent's costs of health care coverage, to the extent allowable by subsection E, and the other parent's work-related child care costs to the extent allowable by subsection F.

(c) The obligation of each parent to the other shall be then computed by multiplying each parent's percentage of the parents' monthly combined gross income by the support obligation obtained in subdivision G 3 (b).

108.1(B) and 108.2(A) and the attendant case law. The statutory considerations which supported the deviation, and their effect on the court's decision are neither identified nor explained. Thus, the order provided insufficient written support for the result and precluded a meaningful appellate review of the findings and related award.

Accordingly, we reverse the decision and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

Benton, J., and Willis, J., concurred.