COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Overton
Argued at Richmond, Virginia


GARY M. ZIENTEK
                                     MEMORANDUM OPINION[*] BY
v.         Record No. 1358-97-2      JUDGE LARRY G. ELDER
                                          MARCH 3, 1998
FRANCINE Y. ZIENTEK


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                   L. A. Harris, Jr., Judge

            Andrea R. Stiles (Williams, Mullen,
            Christian & Dobbins, P.C., on briefs), for
            appellant.

            Janet E. Brown for appellee.


     Gary M. Zientek ("father") appeals an order of the trial

court granting his motion to modify his child support obligation

to Francine Y. Zientek ("mother").  He contends that the trial

court abused its discretion when it (1) reduced his child support

obligation to an amount that exceeded the presumptively correct

amount set forth by Code § 20-108.2 and (2) declined to make this

reduction retroactive to the date that mother was served with

notice of his motion.  For the reasons that follow, we affirm.

                              I.

DEVIATION FROM THE PRESUMPTIVELY CORRECT AMOUNT OF CHILD SUPPORT

     When determining a party's child support obligation at a

modification hearing, "the court must begin by computing the

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

presumptive amount using the schedule found in Code § 20-108.2(B)." Head v. Head, 24 Va. App. 166, 178, 480 S.E.2d 780, 786 (1997). "The presumptive amount is rebuttable, however, and the court may deviate from the presumptive amount if such amount is unjust or inappropriate." Watkinson v. Henley, 13 Va. App. 151, 158, 409 S.E.2d 470, 473-74 (1991); see also Code §§ 20-108.1, 20-108.2. If the presumptive amount is found to be unjust or inappropriate, "any variation from that amount must be calculated by adding or subtracting a just and appropriate amount from the presumptive amount reflected in Code § 20-108.2, and not to or from a previously determined child support award." Richardson v. Richardson, 12 Va. App. 18, 19, 401 S.E.2d 894, 895 (1991); see also Watkinson, 13 Va. App. at 158, 409 S.E.2d at 474.

> Whenever a child support award varies from the guidelines, Code § 20-108.2(A) requires the trial court to make written findings of fact "as determined by relevant evidence pertaining to the factors set out in Code §§ 20-107.2 and 20-108.1" explaining why one or more of these factors would make it "unjust or inappropriate" to apply the guidelines to the case.

Richardson, 12 Va. App. at 21-22, 401 S.E.2d at 896; see also Code §§ 20-108.1, 20-108.2.

> [T]o rebut the presumption of correctness of the guidelines, a trial court must make written findings of enough detail and exactness to allow for effective appellate review of the findings. Specifically, these findings must identify the factors that justified deviation from the guidelines, and explain why and to what extent the factors justified the adjustment.

Richardson, 12 Va. App. at 22, 401 S.E.2d at 897; see also Solomond v. Ball, 22 Va. App. 385, 391, 470 S.E.2d 157, 159-60 (1996); Pharo v. Pharo, 19 Va. App. 236, 238, 450 S.E.2d 183, 184 (1994).

"If the applicability of the factors is supported by the evidence and the trial judge has not otherwise abused his or her discretion, the deviation from the presumptive support obligation will be upheld on appeal." Richardson, 12 Va. App. at 21, 401 S.E.2d at 896.

We hold that the trial court did not abuse its discretion when it reduced father's child support obligation to an amount that still exceeded the presumptively correct amount under Code § 20-108.2. The trial court followed the procedural requirements of Code §§ 20-108.1 and 20-108.2, and its decision to deviate from the guidelines is supported by evidence in the record.

First, the trial court followed the procedures required by Code §§ 20-108.1 and 20-108.2. The trial court began by determining the current presumptively correct amount of father's child support obligation. Based on the parties' testimony regarding their new custody arrangement, the trial court concluded that the shared custody rules of Code § 20-108.2(G)(3) applied to this case.[1] It accepted father's calculation that the

---

[1] Mother argues that the trial court erred when it concluded that the shared custody rules applied to this case. Although mother did not file either a notice of appeal or an opening brief, this argument is preserved for our review because mother complied with Rules 5A:21(b) and (e) in presenting this question and specifying the relief sought. See D'Auria v. D'Auria, 1 Va.

presumptively correct amount of his child support obligation under the shared custody rules was $1,773 per month.[2]  It then concluded that the presumptively correct amount of father's support obligation was not "appropriate" and explained its decision by referring to several of the statutory factors. Although the trial court's explanation of its deviation from the presumptively correct amount is brief, when read in context with the record, it is sufficiently detailed and exact to allow for effective appellate review.  Richardson, 12 Va. App. at 22, 401 S.E.2d at 897.  Although the trial court stated in its reasoning

App. 455, 460-61, 340 S.E.2d 164, 167 (1986).  Nevertheless, we disagree with mother's contention.  Under Code § 20-108.2(G)(3), the shared custody rules apply "when each parent has physical custody of [their child or children] for more than 110 days of the year."  Pursuant to the parties' new custody arrangement, father is entitled to custody of the children for "114 24-hour periods over the year."  Despite the evidence in the record regarding father's history of missed visitation, we conclude that the evidence regarding their new arrangement was sufficient to support the trial court's conclusion that father now has physical custody of the children for at least 110 days per year.

[2]We disagree with father's argument that the trial court was required to calculate the presumptively correct amount of child support under Code § 20-108.2(G)(1) in addition to Code § 20-108.2(G)(3).  Code § 20-108.1 only requires a trial court to calculate "the amount of the award which would result from the application of the guidelines set out in § 20-108.2."  Code § 20-108.2(G) sets forth formulas to calculate the presumptively correct amount of support for three different factual scenarios:  sole custody, split custody, and shared custody.  In order to satisfy the mandate of Code § 20-108.1, the trial court need only apply the formula among the three listed in Code § 20-108.2(G) that actually applies to the case at hand.  Cf. Pharo, 19 Va. App. at 238-39, 450 S.E.2d at 184-85.  In this case, the trial court determined that the parties shared custody of the children.  As such, it did not err when it calculated the presumptively correct amount of child support by applying only the shared custody formula and no other.

4

that "a reduction of $500 per month in [father's] child support is appropriate," the trial court's overall methodology indicates that it calculated its award by adding to the presumptively correct amount rather than by subtracting from the prior award.

In addition, the trial court's decision to deviate from the guidelines is supported by the evidence in the record. The trial court reasoned that its decision to order father to pay more than the presumptively correct amount was justified by (1) the standard of living established by the family during the marriage, (2) father's prior record of not exercising his full visitation with the children, and (3) the amount of child support to which the parties agreed in their separation agreement.

Regarding the family's standard of living during the marriage,[3] the record established that, during the year prior to the parties' divorce, father's annual income was $274,794.96 while mother had no income and apparently "stay[ed] at home with the children." Mother testified that she "presently enjoys a standard of living slightly less than what she enjoyed when the parties were married." She also testified that a reduction in the amount of father's child support obligation would force her to either move to a new home or seek outside employment. This evidence supports the trial court's conclusion that setting

---

[3]Under Code § 20-108.1(B)(10), the "[s]tandard of living for the family established during the marriage" is a factor that a trial court may consider when determining whether the presumptive amount of child support is unjust or inappropriate.

5

father's child support obligation above the presumptively correct amount was necessary to ensure that mother and the children would continue to enjoy the relatively high standard of living established by the family during the marriage.

Regarding the parties' arrangements for custody of the children,[4] the record established that father had yet to exercise all of the visitation allowed to him under the parties' agreements. Specifically, father had yet to exercise "the full two week summer vacation." Mother also testified that father "had taken two to three week-long trips without the children in the past 12 months [and] . . . did not make up the visitation missed due to those trips." Although father testified that he intended to exercise all of his visitation in 1997, the evidence that mother historically has had additional, unplanned days of custody of the children supports the trial court's decision to require father to pay more child support than the presumptively correct amount under the shared custody rules.

Regarding the parties' separation agreement, we agree with father that the evidence in the record regarding this factor does not support the trial court's decision to deviate upward from the presumptively correct amount.[5] Because the amount of child

---

[4] Under Code § 20-108.1(B)(2), "[a]rrangements regarding custody of the children" is another factor that the trial court may consider when determining whether to deviate from the presumptively correct amount.

[5] Under Code § 20-108.1(B)(16), any "written agreement between the parties which includes the amount of child support" is yet another factor that the trial court may consider when

support set forth in the parties' agreement did not constitute a significant deviation from the presumptively correct amount at the time of their divorce, it does not follow that the agreement justifies a substantial upward deviation at a later point in time. However, despite this deficiency in the trial court's analysis, we conclude that the evidence in the record regarding the other two factors was more than sufficient to support the trial court's decision to award mother an amount of child support that was $727 more than the presumptively correct amount. As such, we cannot say that the trial court's decision was an abuse of discretion.

## II.

### RETROACTIVE APPLICATION OF REDUCED CHILD SUPPORT OBLIGATION

Father contends that the trial court abused the discretion afforded to it under Code § 20-112 when it declined to make its modification of his child support obligation retroactive to the date that mother received notice of his motion. We disagree.

We hold that the trial court did not err when it decided that the modification of father's child support obligation would take effect on May 1, 1997. Under Code § 20-112, an order to decrease child support "may be modified with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been

---

deciding whether a deviation from the presumptively correct amount is justified. <u>See also</u> <u>Watkinson</u>, 13 Va. App. at 158, 409 S.E.2d at 474.

given to the responding party."  Within the statutory limits, determining the effective date of a modification in support is committed to the sound discretion of the trial court.  In this case, mother was served with notice of father's motion on February 10, 1997.  On April 28, 1997, the trial court ordered that the reduction in father's child support obligation take effect three days later, on May 1, 1997.  Nothing in the record indicates that this decision was an abuse of discretion.

For the foregoing reasons, we affirm the order of the trial court reducing father's child support obligation.

<u>Affirmed</u>.

8