COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


TERRENCE M. HACKETT
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2640-97-2           JUDGE DONALD W. LEMONS
                                         MARCH 23, 1999
SHIRLEY A. HACKETT


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                       George F. Tidey, Judge

          Terrence M. Hackett, pro se.

          No brief or argument for appellee.


     Terrence M. Hackett contends that the trial court erred in

failing to calculate the presumptive amount of child support;

imputing income to him; failing to provide a written explanation

for a deviation from the child support guidelines; and ordering

him to pay child support arrearage.  We hold that the trial

court erred in failing to calculate the presumptive amount of

child support and failing to provide a written explanation in

the order or by reference for a deviation from the child support

guidelines and remand for the purposes of compliance with Code

§§ 20-108.1 and 20-108.2 and recalculation of arrearages, if

any.

---

     [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

BACKGROUND

The parties, Terrence M. Hackett (husband) and Shirley A. Hackett (wife), were divorced on September 24, 1997. The parties have one child born of the marriage, Erin Colleen Hackett, born October 20, 1983, whose support is the subject of this appeal.

The parties were separated on December 1, 1995. On January 29, 1996, a pendente lite hearing was held in the Circuit Court of the County of Henrico. Evidence introduced at the hearing related only to the amount of temporary child support to be awarded. The wife testified that the husband "was terminated from his job because he used drugs at work and he was placed on disability and lost his nursing RN license and anesthesia license from the State Board of Nursing." The husband testified that he was currently unemployed and that the disability payments he had been receiving from his insurance company terminated on December 23, 1995. The husband also introduced evidence relating to his employment search both in and outside of the Richmond area.

In the order for pendente lite relief, the court found that the husband was voluntarily unemployed. The court imputed income to him in the amount of $3,500 per month, and ordered the husband to pay child support of $464.73 per month. The husband noted his objection to the order, asserting that although he had

- 2 -

been unemployed for two years prior to the date of the hearing and had been receiving disability payments, the payments had terminated.  The husband also stated that he had been actively seeking employment and that income had been improperly imputed to him.

On January 1, 1997, the husband became a member of the full-time faculty at Commonwealth College, with an annual salary of $22,500.  On May 11, 1997, the husband sought a reduction in his child support obligation.  This motion was heard on May 19, 1997.  By letter dated May 20, 1997, the court imputed income to the husband in the amount of $13,500 per year stating, "a realistic income for Mr. Hackett is $36,000 annually."[1]  The court ordered the wife's counsel to calculate child support payments based on a gross monthly income of $3,000 per month for the husband and $3,833 per month for the wife, with an effective date of July 1, 1997.

On July 3, 1997, the husband filed a pro se "Motion to Rehear, Reconsider, and Reverse its Order of May 20, 1997."  On September 9, 1997, the wife filed a motion to "Establish Arrearage and for Presentation of Final Decree of Divorce and a Payroll Deduction Order."

---

[1]This new figure was $7,000 less per annum than the figure utilized by the court one year earlier.

On September 22, 1997, a third hearing was held. The husband presented evidence that he alleged showed a material change in circumstances. The husband stated that he suffered from a drug dependency and that treatment for his illness had resulted in the loss of his professional nursing license.

On September 24, 1997, the final decree of divorce was entered. Pursuant to its order, the court found that the husband was voluntarily underemployed and that he had the ability to earn $3,000 per month. The husband was earning $1,875 gross per month; consequently the court imputed $1,125 per month to him. The husband was ordered to pay child support in the amount of $300 per month. The court also found that as of September 22, 1997, the husband was in arrears in the payment of previously ordered pendente lite child support in the amount of $2,711. The court ordered that the husband pay an additional $100 per month until the arrearage was satisfied.

On appeal, the husband argues that the trial court erred in failing to calculate the presumptive amount of child support according to the statutory guidelines. The husband also argues that the court erred in failing to provide written findings in the order or incorporated by reference that would rebut the presumptive award under the guidelines. The husband contends that because his income was involuntarily reduced due to his addiction and loss of his professional nursing license, the

court abused its discretion in imputing income to him.  Finally, the husband maintains that the court improperly ordered him to pay arrearages.

## I.  STATUTORY GUIDELINES

In determining the amount of child support, a trial court must first apply the child support guidelines to determine the presumptively correct amount of child support.  See Farley v. Liskey, 12 Va. App. 1, 401 S.E.2d 897 (1991).

> [A]fter determining the presumptive amount of support according to the schedule, the trial court may adjust the amount based on the factors found in Code §§ 20-107.2 and 20-108.1.  Deviations from the presumptive amount must be supported by written findings which state why the application of the guidelines in that particular case would be unjust or inappropriate.

Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991); Code § 20-108.1(B) ("[i]n order to rebut the presumption, the court shall make written findings in the order, which findings may be incorporated by reference, that the application of such guidelines would be unjust or inappropriate in a particular case").  A trial court's failure to provide sufficient explanation for a deviation from the presumptive amount of the guidelines is error.  See Pharo v. Pharo, 19 Va. App. 236, 450 S.E.2d 183 (1994).

Income may be imputed to an obligor "who is voluntarily unemployed or under-employed . . . ."  Code § 20-108.1(B)(3).  A

parent's incarceration may constitute voluntary unemployment. See Layman v. Layman, 25 Va. App. 365, 488 S.E.2d 658 (1997). Termination from employment that was due to that parent/employee's larceny from his employer may similarly be considered voluntary unemployment. See Edwards v. Lowry, 232 Va. 110, 348 S.E.2d 259 (1986). An obligor/parent seeking a reduction in the amount of his or her child support obligation "must . . . make a full and clear disclosure about his ability to pay, and he must show his claimed inability to pay is not due to his own voluntary act or because of his neglect." Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 119 (1991) (citations omitted).

By letter dated May 20, 1997, the court stated that it "fe[lt] that a realistic income for . . . [the husband] is $36,000 annually. This takes into account his present mental and physical condition, his past ability to earn, and what the Court feels he can realistically earn in the present market." The court ordered the wife's counsel to recalculate the support payments based upon "$3,000 for Mr. Hackett and $3,833 for Mrs. Hackett."

At the hearing on September 22, 1997, the husband presented evidence that he alleged showed a material change in his circumstances, including his drug dependency and subsequent treatment that resulted in the loss of his professional nursing

license.  In the final divorce decree entered on September 24, 1997, the court found that the husband was "voluntarily underemployed" with an earning capacity of "$3,000 per month." The court ordered the husband to pay child support of $300 per month.  The court stated that this amount was "in accordance with the provisions of §§ 20-108.1 and 20-108.2 of the Code of Virginia and the child support guidelines worksheet attached hereto."  Although we recognize the efforts made by the husband to overcome his addiction and his success in having his license to practice nursing restored, because there is no evidence that his addiction resulted from a medically prescribed course of treatment or some other non-voluntary cause, the trial court's finding that his unemployment was "voluntary" was not error.

However, the trial court failed to determine the presumptively correct amount of child support and did not make written findings in the order or incorporated by reference to support its deviation from the guidelines.  Although in its final decree of divorce the court referred to "child support guidelines worksheet attached hereto" as the basis for its award, the only child support guidelines worksheet contained in the record is that used to calculate the pendente lite award. From the record of the case it is clear that the information in that guidelines worksheet was outdated and could not have formed

the basis of the award in the final decree.  In Hiner v. Hadeed,

15 Va. App. 575, 581-82, 425 S.E.2d 811, 815 (1993), we said,

> [o]nly if trial judges follow the statutory
> requirements will Virginia child support
> awards conform to the federal and state
> legislative mandates designed to create
> uniformity in support awards between parents
> and children similarly situated.  Trial
> judges must make the requisite specific
> written findings, not solely for the
> purposes of appellate review, but, more
> important, to enable trial judges in future
> hearings to decide whether and how to
> increase, decrease, or terminate support.
> Only by having specific written findings
> will trial judges in subsequent proceedings
> be able to make informed decisions on how a
> change in circumstances may justify
> modification or may justify continued
> deviation from the guidelines.

We reverse and remand this case to the trial court for

compliance with Code §§ 20-108.1 and 20-108.2.

## II.  ARREARAGES

The husband argues that the trial court erred in finding

that he was in arrears in his child support payments.  Because

the arrearages calculated by the court in its final divorce

decree as of September 22, 1997 are based upon the trial court's

calculation of the husband's monthly child support obligation,

we remand the case to the trial court to determine if any

arrearages are owed after it has complied with Code §§ 20-108.1

and 20-108.2.

III.   CONCLUSION

Based upon the foregoing, we affirm the trial court's finding that the husband's termination from his employment was voluntary.  We hold that the trial court erred in failing to calculate the presumptive amount of child support and in failing to provide written findings in the order or incorporate written findings by reference for a deviation from the child support guidelines, and we reverse and remand with directions to comply with Code §§ 20-108.1 and 20-108.2 and determination of arrearages if any.

Affirmed in part,
reversed and
remanded in part.