COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Annunziata
Argued at Norfolk, Virginia


TALMADGE D. BAXTER, JR.

MEMORANDUM OPINION* BY
v.    Record No. 2215-98-1          JUDGE RICHARD S. BRAY
                                    AUGUST 17, 1999
SANDRA PAYNE BAXTER


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Robert P. Frank, Judge

Breckenridge Ingles (Martin, Ingles & Ingles,
Ltd., on brief), for appellant.

Paul H. Wilson (Wilson & Wilson, P.C., on
brief), for appellee.


Talmadge D. Baxter (husband) appeals the decree of the

trial court awarding him child support from Sandra Payne Baxter

(wife), complaining that the court erroneously failed to order

support retroactive to August 5, 1997, and deviated from the

statutory guidelines.  Finding no error, we affirm the trial

court.

The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

Husband and wife were married September 6, 1991, and a

child was born to the union on June 17, 1992.  The parties

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

separated on February 10, 1995, and wife filed a bill of complaint shortly thereafter, followed by an answer and cross-bill by husband, each praying, inter alia, for divorce and custody and support of the infant child. A pendente lite order entered by the trial court on October 5, 1995, "jointly vested [custody] with the parties . . . on an intervening two-week basis," but did not address the issue of continuing child support. On August 5, 1997, the court revisited the custody issue and, by decree entered August 18, 1997, ordered temporary custody to husband, effective August 12, 1997, expressly reserving "any ruling on . . . child support until further hearing."

A "Statement of Facts, Testimony and Other Incidents of Trial," dated October 26, 1998, prepared and presented by husband, was certified by the court on November 13, 1998. The statement recites that, following the August, 1997, proceeding,

> [t]he case was next heard December 3, 1997 with regard to the issue of child support. At that time, Complainant did not appear. Her attorney advised the Court that she was not working because of a back injury, and that it was not known if she would be able to return to work. Based upon that representation, the Court ordered Complainant to pay the minimum amount of child support, $65.00 per month beginning January 1, 1998.

The statement does not address circumstances between the August and December hearings, and no provision for retroactive child support for the period was included in the order.

-

On April 1, 1998, husband provided notice to wife that he would appear before the court on June 3, 1998, and "move . . . for entry of an Order requiring [her] to pay child support for the support, maintenance and education" of the infant. At the scheduled hearing, the court "received additional evidence related to child support," and, upon subsequent "documentation" of wife's expenses, entered the disputed decree on September 1, 1998, ordering her to pay husband "the sum of $75.00 per week," a "departure from the statutory guidelines," effective January 1, 1998. The court expressly found the deviation "appropriate," noting that wife "has a child not born of the marriage of the parties who has certain medical needs" and related expenses.

Husband appeals, arguing that the trial court erroneously failed to award child support retroactive to August 5, 1997, the date of the hearing which resulted in the award of custody to him, and departed from the child support guidelines without sufficient justification or explanation.

In "determining child support . . . the court shall consider all evidence presented relevant to any issues joined in [the] proceeding" and "relevant to each individual case," guided by those factors specified in Code § 20-108.1 and subject to the guidelines of Code § 20-108.2. Code § 20-108.1. "Any child support award must be based on circumstances existing at the time the award is made." Sargent v. Sargent, 20 Va. App. 694, 703, 460 S.E.2d 596, 600 (1995) (citation omitted).

-

"In reviewing these [issues], we are guided by the principle that decisions concerning child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Barnhill v. Brooks, 15 Va. App. 696, 699, 427 S.E.2d 209, 211 (1993) (citation omitted). "The trial court's judgment is presumed to be correct, and 'the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred.'" Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (citations omitted).

The evidence at the June 3, 1998 hearing disclosed that wife was then receiving gross monthly income of $2,762. In contrast, she was disabled at the time of the December 3, 1997 hearing, prompting the court to order "mimi[mal]" child support of $65 per month, beginning January 1, 1998. Accordingly, the court substantially increased wife's support obligation in the subject decree, properly responding to contemporary circumstances, retroactive to January 1, 1998. However, the record is silent for the months August through December, 1997, the period embraced by husband's retroactivity claim. We are, therefore, unable to properly consider on review the factors relevant to a proper support order for such period, and the disputed decree remains presumptively correct.

-

DEVIATION FROM PRESUMPTIVE AMOUNT

"The starting point . . . for determining the child support obligation of a party, whether initially or at a modification hearing, is to compute the presumptive amount using the schedule found in Code § 20-108.2(B)." Watkinson v. Henley, 13 Va. App. 151, 158, 409 S.E.2d 470, 473 (1991) (citation omitted); see Code §§ 20-108.1, -108.2. However, "a trial court need not award child support in the statutorily presumptive amount if a deviation from such an amount is justified." Scott v. Scott, 12 Va. App. 1245, 1249, 408 S.E.2d 579, 582 (1991); see Code §§ 20-108.1, -108.2. "Actual monetary support for other children, other family members or former family members" is a factor recognized by statute that may support deviation. Code § 20-108.1(B)(1).

"Deviations from the presumptive support obligation must be supported by written findings which state why the application of the guidelines in the particular case would be unjust or inappropriate." Head v. Head, 24 Va. App. 166, 179, 480 S.E.2d 780, 787 (1997) (citations and internal quotations omitted); see Code §§ 20-108.1, -108.2; Pharo v. Pharo, 19 Va. App. 236, 238-39, 450 S.E.2d 183, 184 (1994). However, "'[a] trial court may not avoid the statutory mandate by simply concluding that circumstances' warrant a guideline departure." Pharo, 19 Va. App. at 239-40, 450 S.E.2d at 184 (citation omitted).

-

Relying on <u>Pharo</u>, husband contends that the instant decree was conclusory and without sufficient detail to satisfy the statutory prerequisites to a guideline departure.[1]  In <u>Pharo</u>, we reversed a deviation from the presumptive amount because "[t]he statutory considerations which supported the deviation, and their effect on the court's decision [were] neither identified nor explained."  19 Va. App. at 240, 450 S.E.2d at 185.  Here, however, the court recited in the decree that departure from the guidelines was "appropriate . . . because [wife] has a child not born of the marriage of the parties who has certain medical needs . . . and [wife] spends $98.00 per week on a mentor for that child," a factor in justification of deviation specifically enumerated in Code § 20-108.1(B)(1) and supported by the record.

Accordingly, we affirm the decree.

<u>Affirmed.</u>

---

[1] Husband also relies on <u>Farley v. Liskey</u>, 12 Va. App. 1, 401 S.E.2d 897 (1991).  In <u>Farley</u>, we reversed the trial court because it failed to determine the presumptive support obligation prior to the deviation.  <u>Id.</u> at 4, 401 S.E.2d at 899. Further, evidence of the "actual monetary support" to other children was limited to a "statement that [wife] spent $45 a month for clothing."  <u>Id.</u>  Here, "[d]ocumentation from the mentor indicated that his hourly charge is $14.00 per hour and that he was with the child 6-8 hours per week."

-