COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Agee and Senior Judge Overton
Argued at Alexandria, Virginia


DEE EDWARD NEWLAND, JR.
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0907-01-4         JUDGE G. STEVEN AGEE
                                         MARCH 12, 2002
GEORGEEN M. NEWLAND


          FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                      Alfred D. Swersky, Judge

          Mary M. Benzinger (Raymond B. Benzinger;
          Benzinger & Benzinger, P.C., on briefs), for
          appellant.

          Yvonne DeBruyn Weight for appellee.


     Dee Edward Newland, Jr., (father), appeals the March 7,

2001 decree of the Alexandria Circuit Court modifying his child

support obligation as requested by Georgeen M. Newland (mother).

He contends the circuit court erred in entering a modified order

increasing his child support obligation.  For the following

reasons, we reverse the order and remand to the circuit court.

                         I.  BACKGROUND

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, only those facts necessary to a disposition of this

appeal are recited.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The parties were divorced in 1996, and a child support order was then entered directing father to pay monthly child support of $1,783.  At that time, mother had sole custody of their two minor children, with visitation to father.  Prior to separation, neither child attended a private school.  Included in the $1,783 monthly amount was $216 per month attributable to the oldest child's attendance at St. Rita's, a parochial school. The St. Rita's tuition was apparently not reflected as a child care expense for guideline purposes as mother had specific child care costs for the minor children.  The circuit court specifically ruled as follows regarding the $1,783 monthly amount before entry of the 1996 decree:

> [I]t is not the Court's intent that any increase in tuition would cause any increase in child support.
>
> *    *    *    *    *    *    *
>
> [H]e pays the amount, she elects to put them in the school, she bears that burden.
>
> *    *    *    *    *    *    *
>
> I'm not requiring him to pay that tuition. It's up to her to do whatever she is going to do.

Father appealed the 1996 decree, including the support amount to this Court, which affirmed the circuit court's award. The issues of deviating from the child support guidelines by including private school tuition as a guideline child care cost, failing to calculate the presumptive guideline amount and

-

failing to make written findings to support the deviation from the guidelines were not issues raised on that appeal.

After the 1996 decree, mother enrolled both children in Bishop Ireton, a private, parochial high school without father's consent.[1]  Subsequently, while mother retained primary physical custody, father was awarded 122.5 days of custodial time by a November 10, 1999 order.  In April, 2000, mother filed a petition in the circuit court requesting the 1996 child support order be modified to reflect, inter alia, (1) material changes in the parties' incomes, (2) the elimination of child care expenses, and (3) an increase in private school tuition as both children were now attending Bishop Ireton.  Father filed a cross motion for a reduction in child support alleging a material change in circumstances due to the parties' shared custody and an increase in the parties' incomes.

Although child care costs for the children had ceased, mother submitted into evidence a guidelines worksheet which included $1,017 under the "work related child care costs of Mother" section.  This amount reflected the monthly tuition payment for the two children to attend Bishop Ireton.

---

[1] Attendance at Bishop Ireton by both children was the educational choice made by mother pursuant to an earlier order awarding all educational decisions to her.

-

After a hearing ore tenus, the circuit court accepted mother's calculations and determined the earlier child support award should be modified.

> The Court is going to accept the shared custody guideline worksheet of [mother]. I'm not dealing here with the issue, and it has not been raised in the documents in the proceedings, as to whether or not it's in the best interest of these children that they be in private school.
>
> Therefore, I have to accept that the private school and the tuition is an economic fact of life. This is just an expense that these parties have, and the question is how should it then best be shared.
>
> The cases that I've looked at all seem to say the best way to do this is to add it into the child support guidelines. And . . . that's what I'm going to do.

On March 7, 2001, the circuit court issued its order to this effect stating "the private school tuition should be treated as an expense of the parties and included in the child support calculation, and should be added to the child support guidelines, notwithstanding that father has never consented to the children attending private school."[2] This order resulted in father's monthly child support obligation increasing from $1,783 to $2,105.

---

[2] The circuit court attached to its decree mother's child support guidelines worksheet.

-

## II. ANALYSIS

On appeal, father contends the circuit court erred in applying the statutory provisions of Code § 20-108.1. Upon review, we find the procedure of the circuit court to calculate child support was erroneous and, therefore, the decree as to child support should be reversed.

Pursuant to Code § 20-108, a circuit court retains "continuing jurisdiction after a final decree of divorce has been entered, to modify its decree with respect to the . . . maintenance of minor children." Edwards v. Lowry, 232 Va. 110, 112, 348 S.E.2d 259, 261 (1986). In a hearing on a petition for modification of child support, the burden is on the moving party to prove a material change in circumstances that warrants a modification of support. See, e.g., Yohay v. Ryan, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987). "The [circuit] court's decision, when based upon credibility determinations made during an ore tenus hearing, is owed great weight and will not be disturbed unless plainly wrong or without evidence to support it." Douglas v. Hammett, 28 Va. App. 517, 525, 507 S.E.2d 98, 102 (1998).

After finding a change in material circumstances, the starting point for determining the child support obligation of a party at a modification hearing is to compute the presumptive amount using the guidelines and schedule found in the Code. See Watkinson v. Henley, 13 Va. App. 151, 158, 409 S.E.2d 470, 473

-

(1991). Here, the circuit court failed to properly apply the statutory provisions.

The circuit court calculated the child support amount, under the guise of using the guidelines, by including the children's private, parochial school tuition as a child care expense. This was error because private school tuition is not a child care expense under Code § 20-108.2(F) or Code § 20-108.1(B)(6). "Implicit in the statutory scheme is that educational expenses are included in the presumptive amount of child support as calculated under the Code." Smith v. Smith, 18 Va. App. 427, 435, 444 S.E.2d 269, 275 (1994). As mother admitted she was "no longer incurring day care costs," the circuit court should have calculated the presumptive child support amount under the statutory guidelines excluding any amount under "work related child care costs of Mother" as no evidence appears in the record of any such expenses. The clear and unequivocal statutory mandate of Code § 20-108.1(B) requires this presumptive "amount of support that would have been required under the guidelines" be stated in writing by the circuit court, which it failed to do.

If upon the evidence, the circuit court determines that the presumptive amount is unjust or inappropriate, the statute plainly requires written findings by the circuit court in its

-

decree delineating why that is so.[3]  Only after such a written finding is made can the presumptive guideline amount be altered to include other amounts such as private school educational expenses.  The circuit court failed to make the statutorily required finding as to why the presumptive guidelines amount would be unjust or inappropriate.

> [A]fter determining the presumptive amount of support according to the schedule, the [circuit] court may adjust the amount based on the factors found in Code §§ 20-107.2 and 20-108.1.  Deviations from the presumptive amount must be supported by written findings which state why the application of the guidelines in that particular case would be unjust or inappropriate.

Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991).  Furthermore, "a conclusory written statement of [the circuit court's] findings" is not sufficient to justify deviating from the presumptive guideline amount.  Id.  If the circuit court fails to provide sufficient explanation for any deviation it decides to make, its actions will be deemed error.  See Pharo v. Pharo, 19 Va. App. 236, 450 S.E.2d 183 (1994).

> Only if [circuit courts] follow the statutory requirements will Virginia child support awards conform to the federal and state legislative mandates designed to create uniformity in support awards between

---

[3] Code § 20-108.1(B) ("[i]n order to rebut the presumption, the [circuit court] shall make written findings in the order, which findings may be incorporated by reference, that the application of such guidelines would be unjust or inappropriate in a particular case").

> parents and children similarly situated. [Circuit courts] must make the requisite specific written findings, not solely for the purposes of appellate review, but, more important, to enable . . . judges in future hearings to decide whether and how to increase, decrease, or terminate support. Only by having specific written findings will . . . judges in subsequent proceedings be able to make informed decisions on how a change in circumstances may justify modification or may justify continued deviation from the guidelines.

Hiner v. Hadeed, 15 Va. App. 575, 581-82, 425 S.E.2d 811, 815 (1993) (internal citations omitted).

Accordingly, we reverse the decree of March 7, 2001, and remand this case to the circuit court for the proper calculation of child support in accord with the principles expressed in this opinion.[4]

Reversed and remanded.

---

[4] In the absence of the findings required by Code § 20-108.1(B) as to the presumptive child support amount, or the justification (if any) for any deviation from that amount, we do not address any issues raised by the parties as to the factors enunciated in Solomond v. Ball, 22 Va. App. 385, 470 S.E.2d 157 (1996), as it does not appear those issues have been addressed in or by the circuit court.