COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Willis


DREW W. ALLBRITTEN

v.      Record No. 1121-08-1

RENEE E. ALLBRITTEN

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 12, 2008


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Stephen C. Mahan,[1] Judge

(Cynthia L. Ewing; The Ewing Law Firm, P.C., on briefs), for
appellant.  Appellant submitting on briefs.

(Allison W. Anders; Dannielle C. Hall-McIvor; Kaufman & Canoles,
P.C., on brief), for appellee.  Appellee submitting on brief.

Drew W. Allbritten (father) appeals from a child support order where the amount of child support awarded was more than the guideline amount.  Father argues that the trial court erred by not providing written findings of why it deviated from the guideline amount.  Renee E. Allbritten (mother) has filed assignments of cross-error, arguing that the trial court erred in finding that there was a material change of circumstances and that any change would justify a decrease in child support.  Upon reviewing the record and briefs of the parties, we reverse and remand the case for the trial court to determine whether the change in circumstances justifies a modification of child support and, if so, to provide written findings for any deviation from the child support guidelines.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] With the exception of the order entered on April 7, 2008, from which this appeal was taken, the Honorable Frederick B. Lowe presided over the proceedings addressed in this opinion.

BACKGROUND

Father and mother were divorced in Georgia on March 31, 2006. The final decree incorporated the parties' settlement agreement, dated March 28, 2006. The settlement agreement provided that father would pay $2,333 per month in child support according to the Georgia child support guidelines. The amount was based on father earning $100,000 per year and mother earning $15,000 per year.

Subsequent to the parties' divorce, mother and the children moved to Virginia Beach, and father moved to California. Father filed a motion to reduce child support due to each party's relocation and change in income. Mother stipulated she earned $15,000 per year. At the time of the trial, father earned $164,657.28 per year. The parties stipulated that the Virginia child support guidelines showed father's obligation at $1,462.31 per month.

After listening to each party's arguments, the judge ruled from the bench that father's child support obligation would be $1,900 per month. The trial court did not explain its decision in writing.

ANALYSIS

Existence of material change in circumstances

Mother argues that the child support amount should not have been modified because there was no material change in circumstances.

"Once a child support award has been entered, only a showing of a material change in circumstances will justify modification of the support award." Crabtree v. Crabtree, 17 Va. App. 81, 88, 435 S.E.2d 883, 888 (1993). The party seeking the modification of child support has the burden of proving a material change in circumstances and that the change justifies the modification. See Head v. Head, 24 Va. App. 166, 480 S.E.2d 780 (1997).

In this case, father's income increased significantly (by 61%) since the settlement agreement was signed, thus representing a material change in circumstances. See Conway v. Conway, 10 Va. App. 653, 658, 395 S.E.2d 464, 466 (1990) (support is based in part on parents' ability to pay); see generally, Peter N. Swisher, Lawrence D. Diehl, and James R. Cottrell, Family Law: Theory, Practice, and Forms § 10:5, at 322-25 (2008) (addressing determination of child support amount under "parental generosity" rule). The record, however, is insufficient for us to review the question of whether the parties' move from Georgia also constituted a material change in circumstances.

### Change in circumstances justifying modification

Mother next argues that if father proved that there was a material change of circumstances, the change did not justify modifying the child support amount.

"The best interest of the child or children is the paramount and guiding principle in setting child support, whether it be adopting the presumptive amount, calculating an alternative sum after the presumptive amount has been rebutted, [or] ordering the amount agreed upon between the parents . . . ." Watkinson v. Henley, 13 Va. App. 151, 158-59, 409 S.E.2d 470, 474 (1991).

Virginia's child support guidelines differ from Georgia's. The presumptive child support amount according to the Virginia child support guidelines is less than that contained in the parties' original agreement.

There was no evidence that father's increase in income justified a reduction in child support. Furthermore, as indicated above, the record is insufficient for us to determine whether the parties' move would justify reducing the child support. To the extent the trial court found a material change

in circumstances, it correctly held that the Virginia child support guidelines applied[2]; but it did not state why the child support should be modified from the parties' agreement. Therefore, we remand the issue to the trial court to determine whether a material change in circumstances justified a modification of the child support.

Deviation from the child support guidelines

Assuming, without deciding, that the change in circumstances justifies a modification of the child support, we next address father's argument that the trial court erred by not providing written findings of its deviation from the child support guidelines.

The child support guidelines are presumptively correct. Code § 20-108.1(B). "In order to rebut the presumption, the court shall make written findings in the order . . . that the application of such guidelines would be unjust or inappropriate in a particular case." Id.

In this case, the parties stipulated that if the Virginia child support guidelines were applied, the amount would be $1,462.31 per month, which was lower than the previous child support award. The trial judge stated that he did not "think that it's appropriate for the children and [mother] to take that big a hit basically over night." He used his "equitable discretion" to determine that child support should be $1,900 per month. His order was issued from the bench, and he did not provide any written findings for the deviation. The child support order also does not explain the deviation.

---

[2] As we explained in Slaonka v. Pennline, 17 Va. App. 662, 665, 440 S.E.2d 423, 425 (1994) (citation and internal quotation marks omitted):

> It is well settled that the starting point . . . for determining the child support obligation of a party, whether initially or at a modification hearing, is to compute the presumptive amount using the schedule found in Code § 20-108.2(B). The presumptive amount is rebuttable, however, and the court may deviate from the presumptive amount if such amount is unjust or inappropriate. Code § 20-108.2(A).

Code § 20-108.1(B) lists fourteen factors that the trial court should consider when it deviates from the guidelines. "The order 'must identify the factors that justified deviation . . . and explain why and to what extent the factors justified the adjustment' in 'enough detail and exactness to allow for effective appellate review of the findings.'" Pharo v. Pharo, 19 Va. App. 236, 238, 450 S.E.2d 183, 184 (1994) (quoting Richardson v. Richardson, 12 Va. App. 18, 22, 401 S.E.2d 894, 897 (1991)).

Here, the trial court did not explain why the guideline amount was "unjust or inappropriate." Code § 20-108.1(B). In his ruling, the judge did not cite any of the factors in Code § 20-108.1(B) to explain his reason for the deviation. The judge also did not provide any written findings to justify the deviation, which would allow the appellate court to review his findings.

## CONCLUSION

We reverse the trial court's decision and remand this matter to the trial court to determine whether a change in the child support is justified and, if so, to provide written findings for any deviation from the presumptive child support amount.

Reversed and remanded.