## Richmond

JOYCE BAILEY RICHARDSON

v.

DAVID LEE RICHARDSON II

No. 1462-89-2

Decided March 5, 1991

COUNSEL

Alexandra D. Bowen (White, Blackburn & Conte, P.C., on brief), for appellant.

Donald K. Butler (Ann Brakke Campfield; Morano, Colan & Butler, on brief), for appellee.

OPINION

**BARROW, J.**—This domestic relations appeal involves application of the presumptive child support guidelines contained in Code § 20-108.2. We conclude that the presumptive amount determined from the statute must be awarded unless, because of evidence of one or more factors enumerated in Code §§ 20-107.2 and 20-108.1, such amount is "unjust or inappropriate." Furthermore, if such amount is found to be "unjust or inappropriate," any variation from that amount must be calculated by adding or subtracting a just and appropriate amount from the presumptive amount reflected in Code § 20-108.2, and not to or from a previously determined child support award. Finally, the reasons justifying such a variation must be from among those factors recognized

by Code § 20-108.2(B) for this purpose and must be expressed in written findings sufficient to permit an effective appellate review of the exercise of the trial court's discretion.

On September 28, 1987, the parties were granted a final decree of divorce which incorporated a settlement agreement previously entered into by the parties. As contemplated in the agreement, the trial court ordered the husband to pay $750 a month in child support to the wife, the custodial parent. On July 3, 1989, the trial court held a hearing on the wife's motion to increase the child support payments based on a material change of circumstances. The evidence showed that the husband's income had increased from $90,000 a year at the time the agreement was made to $110,000 a year. The trial court found that there had been a material change in circumstances and increased the child support payments to $1,000 per month. In its order, the trial court recited that it had considered all the factors of Code §§ 20-107.2 and 20-108.1 in determining this amount but concluded that application of the child support guidelines would be unjust and inappropriate "as it would increase the amount by three times what the parties agreed on in the settlement agreement."

## I. REBUTTABLE PRESUMPTION

■ Child support guidelines were established by Congress to assure that both the child's needs and the parent's ability to pay are considered in determining the amount of support awards and to decrease the disparity in the amount of awards, which, without the guidelines, range from unreasonably low to unrealistically high. S. Rep. No. 387, 98th Cong., 2d Sess. 4 (1984), *reprinted in* 1984 U.S.C.C.A.N. 2397, 2436. In accord with the federal law, 42 U.S.C.A. § 667(a), the Virginia General Assembly enacted a statute incorporating the guidelines. Code § 20-108.2. As originally enacted, the guidelines were not binding on trial courts. 1988 Va. Acts c. 907. However, in order to make its program of family support "more effective in achieving its objectives," Congress amended 42 U.S.C.A. § 667 to require that the amount of child support obligation as determined by the guidelines be a rebuttable presumption "in any judicial or administrative proceeding for the award of child support." Pub. L. 100-485, § 103(b). The Virginia General Assembly amended § 20-108.2 to mirror the federal law. 1989 Va. Acts c. 599.

This statute is unambiguous and, therefore, judicial construction is not required. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). However, a practical description of the application of the statute is helpful.

The starting point for a trial court in determining the monthly child support obligation of a party is the amount as computed by the schedule found in Code § 20-108.2(B). This amount is determined according to a schedule that varies according to the combined gross income of the parties and the number of children involved. No additions or subtractions from the gross income, as defined in Code § 20-108.2(C), even if otherwise valid considerations, may be made *before* this figure is determined. However, *after* determining the presumptive amount of support according to the schedule, the trial court may adjust the amount based on the factors found in Code §§ 20-107.2 and 20-108.1. Deviations from the presumptive support obligation must be supported by written findings which state why the application of the guidelines in the particular case would be unjust or inappropriate. If the applicability of the factors is supported by the evidence and the trial judge has not otherwise abused his or her discretion, the deviation from the presumptive support obligation will be upheld on appeal.

In this case, the trial court erred in calculating the amount of child support. First, the court incorrectly concluded that the guidelines would require an amount three times that which the parties agreed to in the support agreement. The parties agree that the trial court erred in this respect. Three times the amount agreed to in the agreement is $2,250, while the presumptive support obligation is $1,522 for two children based on the parties' monthly income of $9,167.

Second, in arriving at an appropriate amount of child support, the trial court failed to first determine the presumptive amount of support indicated in the guidelines. Since the amount in the guidelines is presumptively correct, it must be the point at which consideration of any other factors is begun.

## II. WRITTEN FINDINGS

Whenever a child support award varies from the guidelines, Code § 20-108.2(A) requires the trial court to make written findings of fact "as determined by relevant evidence pertaining to the

factors set out in §§ 20-107.2 and 20-108.1" explaining why one or more of these factors would make it "unjust or inappropriate" to apply the guidelines to the case. In this case, the trial judge stated in the order that his reason for refusing to apply the guidelines was that it "would increase the amount by three times what the parties agreed on in the settlement agreement." The trial judge also stated without elaboration that he had considered all the provisions of §§ 20-107.2 and 20-108.1 in determining the amount of the support obligation. These statements are insufficient to constitute "written findings" as contemplated by the statute.

■ The statutory requirement of "written findings" was enacted by the legislature for a reason.[1] By including this provision, the legislature intended that the trial court would do something more than simply make a conclusory written statement of its findings. We conclude that the legislature intended that the trial courts would make explicit findings of fact amenable to appellate review.

■ Code § 20-108.2 was intended to reduce disparity in child support awards. Effective appellate review encourages uniformity in the application of the law. Construing "written findings" in light of their significance for appellate review, therefore, is consistent with, and furthers, the underlying goal of Code § 20-108.2. *See Equal Employment Opportunity Comm'n v. United Virginia Bank/Seaboard Nat'l*, 555 F.2d 403, 406 (4th Cir. 1977) (findings should consist of enough detail and exactness regarding the material issues to allow for intelligent appellate review); *see also Golf City, Inc. v. Wilson Sporting Goods Co.*, 555 F.2d 426, 432 (5th Cir. 1977) (findings must be sufficiently detailed to give reviewing court clear understanding of trial court's analytical process). Consequently, we hold that to rebut the presumption of correctness of the guidelines, a trial court must make written findings of enough detail and exactness to allow for effective appellate review of the findings. Specifically, these findings must identify the factors that justified deviation from the guidelines, and explain why and to what extent the factors justified the adjustment.

---

[1] *Compare* Code § 20-107.3, where the statute required trial courts to consider specific factors but does not require that the decision be supported by "written findings." *See Taylor v. Taylor*, 5 Va. App. 436, 364 S.E.2d 244 (1988) (trial courts need not quantify or elaborate exactly what weight was given to each of the factors).

The record in this case contains reference to factors recognized by Code § 20-108.1 as affecting the obligation and ability of a party to pay child support. For instance, the father's actual monetary support for his former wife (§ 20-108.1(B)(1)) and health insurance provided by the father for the children (§ 20-108.1(B)(6)) are factors that a court may consider in deviating from the statutory guidelines. Without "written findings," however, we cannot ascertain whether the trial judge based his decision on these or any other permissible factors and, if so, to what extent they justified the action. We conclude, therefore, that the trial court's "written findings" failed to satisfy the mandate of Code § 20-108.2 and, therefore, that the support award in an amount different from that contained in the guidelines cannot stand.

For the above reasons, the decision of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

Benton, J., and Coleman, J., concurred.