## CIRCUIT COURT OF FAIRFAX COUNTY

Jordan

v.

Jordan

May 1, 1991

Case No. (Chancery) 108066

By JUDGE JOHANNA L. FITZPATRICK

This case came before the Court on April 12, 1991, for presentation of an order reflecting the Court's decision of February 22, 1991, on a Rule to Show Cause requested by the plaintiff and upon the defendant's motion requesting a stay of the increase in his child support payments. For the reasons set forth below, plaintiff's order reflecting the Court's ruling on February 22, 1991, would be entered.

The Property Settlement Agreement entered into by the parties on October 28, 1988, was affirmed, ratified, and incorporated in and made an enforceable part of the parties Final Decree of Divorce in accordance with Section 20-109.1 of the Code of Virginia. Paragraph 6 of the aforementioned Property Settlement Agreement, entitled *Support and Maintenance of the Minor Children*, reads, in part, as follows:

> The Husband shall pay to the Wife for the support of the three minor children in her custody the sum of One Thousand Six Hundred Eighty-seven and 50/100 Dollars ($1,687.50) every month.

In addition, paragraph 7 of the Property Settlement Agreement, entitled *Changes in Support Payments*, reads, in part, as follows:

> Commencing with January 1, 1990, the Husband hereby agrees to increase the support payments provided for in the preceding paragraph by the same percentage that his base salary for the previous year has changed.

A Rule to Show Cause was issued returnable to February 22, 1991, for a failure on the defendant's part to comply with the Property Settlement Agreement and the defendant requested a stay of the automatic increase. The major provisions at issue revolved around child support computations and payments. The defendant asked the Court to stay the child support payments because the amount contemplated by the Property Settlement Agreement, after the automatic increase, would be in excess of the presumptive child support guidelines: to wit, the parties' settlement agreement obligates the defendant to pay approximately $1,800.00 per month in child support, whereas the child support guidelines would reduce the child support payments to $1,271.85 per month.

As such, this case brings into clear conflict two domestic relations issues; (1) the need to honor marital property settlements entered into by competent parties, *see, Parra v. Parra*, 1 Va. App. 118 (1985), and (2) the application of the presumptive child support guidelines contained in Va. Code § 20-108.2. *See, Richardson v. Richardson*, --- Va. App. ---, 401 S.E.2d 894 (1991).

To be sure, this Court has continuing jurisdiction to modify a decree for maintenance of minor children, and a contract between the parties cannot prevent the Court from exercising this power. *Featherstone v. Brooks*, 220 Va. 443 (1979); *Carter v. Carter*, 215 Va. 475, 211 S.E.2d 253, 258 (1975). Proof of a material change in circumstances justifying a modification of a decree allows the court to exercise this power. *Featherstone v. Brooks*, *id.*, at 446; *Hammer v. Hammer*, 216 Va. 30, 31, 216 S.E.2d 20, 21 (1975); *Yohay v. Ryan*, 4 Va. App. 559 (1987); *Edwards v. Lowry*, 232 Va. 110, 348 S.E.2d 259 (1986). The moving party is required to prove, by a preponderance

of the evidence, *both* a material change in circumstances and that such change justifies an alteration in the amount of child support. *Yohay v. Ryan*, 4 Va. App. 559 (1987). Therefore, "[a] material change in circumstances, standing alone, does not provide a basis for the court to modify its child support decree." *Yohay v. Ryan*, 4 Va. App. 559 (1987). A modification is appropriate only after the court has considered the material change in circumstances in relation to the factors set forth in Va. Code § 20-108. *Yohay v. Ryan, id.*, at 566.

In the case at bar, the Court rules on September 27, 1990, (an Order which was not appealed) that a material change in circumstances justifying an alternation in child support did *not* exist. Indeed, the Court noted that (1) the defendant's job status has not changed since the original agreement was executed; (2) both parties' income had increased; (3) the needs of the children have not changed since the original agreement was executed; and (4) no significant changes have occurred since the bargained-for amount of support was agreed to by the parties. Simply put, child support in excess of the guidelines is not of itself a material change in circumstances. Therefore, without addressing the implications of *Richardson v. Richardson, supra* (where the trial court found that there had been a material change in circumstances), this Court denies the defendant's request to stay his child support payments.