COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


CYNTHIA LUNETTE AVEY
                                        MEMORANDUM OPINION[*]
v.   Record No. 3045-96-4                   PER CURIAM
                                           JULY 8, 1997
THOMAS GREGG AVEY


              FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                     James G. Haley, Jr., Judge

              (Nicholas D. Capousis, on brief), for
              appellant.

              (Polly B. Knight; McCrary & Knight, on
              brief), for appellee.


     Cynthia Lunette Avey (mother) appeals the decision of the

circuit court setting child support payable by Thomas Gregg Avey

(father).  Mother contends the trial court erred by (1) failing

to provide sufficient written justification for its deviation

from the statutory child support guidelines; and (2) ordering a

one month's abatement of child support during the children's

summer visitation with father.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the

trial court.  Rule 5A:27.

                    <u>Deviation from Guidelines</u>

     "The starting point for a trial court in determining the

monthly child support obligation of a party is the amount as

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

computed by the schedule found in Code § 20-108.2(B)."

Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991).

> [A]fter determining the presumptive amount of support according to the schedule, the trial court may adjust the amount based on the factors found in Code §§ 20-107.2 and 20-108.1. Deviations from the presumptive support obligation must be supported by written findings which state why the application of the guidelines in the particular case would be unjust or inappropriate. If the applicability of the factors is supported by the evidence and the trial judge has not otherwise abused his or her discretion, the deviation from the presumptive support obligation will be upheld on appeal.

Id. (emphasis deleted). The trial court's written findings must be "of enough detail and exactness to allow for effective appellate review of the findings." Id. at 22, 401 S.E.2d at 897.

In this case, evidence was heard by the commissioner in chancery. The commissioner computed the presumptive amount of $1,296 in child support pursuant to the guidelines, but determined that the statutory amount would be unjust in the current case and reduced the award to $1,000.

The commissioner's report detailed the factors which were considered in connection with the deviation from the presumptive guideline amount. In particular, the commissioner noted that father paid $96 monthly for life insurance and that the evidence suggested a lower cost of living in Minnesota, where mother and the children now lived, than in Virginia. The commissioner also

2

considered the parties' income and related tax consequences, based upon the evidence presented by the parties, and the pendente lite support payment of $800 agreed to by the parties after wife had established herself in her new location. After a hearing on the parties' exceptions, the trial court affirmed the commissioner's recommendation.

The commissioner's written findings were detailed and addressed specific statutory factors. In considering the tax consequences, the commissioner noted that he used the evidence presented by the parties and related it to current, not future, tax consequences. While it is clear that the commissioner's discussion was based in part on certain assumptions, those assumptions were conservative estimates based upon the evidence designed to quantify, in some manner, the possible tax consequences to the parties.

Father concedes that the monthly life insurance payment of $96 was not pursuant to court order. The evidence presented to the commissioner indicated that this payment was an expense father incurred for the benefit of the children. Mother did not refute father's evidence before the commissioner and does not contest the fact of this payment on appeal. Mother argues, however, that the commissioner erred by considering the payment as a grounds for deviation. Code § 20-108.1(B)(6) expressly directs the court to consider "[d]irect payments ordered by the court for . . . maintaining life insurance coverage . . . ." The

3

commissioner erroneously believed that father was obligated by court order to make this payment.  However, because the commissioner properly considered this payment as discretionary, not mandatory, we do not find that the error tainted the commissioner's findings so as to amount to reversible error.

The written findings were sufficiently detailed to provide a basis for review on appeal and were supported by the evidence. We do not find an abuse of discretion in the trial court's award of child support.

### Abatement for Summer Visitation

In their "Outline of Settlement," dated May 10, 1995, the parties agreed that child support would abate during the month each summer when father had visitation with the children.  This provision was included in the commissioner's recommendations and incorporated into the final decree.  In neither mother's exceptions to the commissioner's report nor to the final decree did mother contest this provision.  The parties did not file a transcript of the hearing on exceptions held before the trial court.  Therefore, the record does not indicate that this objection was preserved for appeal, and we do not address it further.  Rule 5A:18.  See Dukelow v. Dukelow, 2 Va. App. 21, 24-25, 341 S.E.2d 208, 209-10 (1986).

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.