COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Coleman and
          Senior Judge Duff
Argued at Alexandria, Virginia


LESLIE WARREN NICHOLS
                                    MEMORANDUM OPINION[*]
v.   Record No. 1441-97-4          BY JUDGE CHARLES H. DUFF
                                         APRIL 28, 1998
LORINDA K. NICHOLS (BOSCH)


          FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
                 William Shore Robertson, Judge

          Susan C. Minkin for appellant.

          Julia S. Savage (Walker, Jones, Lawrence,
          Duggan & Savage, on brief), for appellee.



     Leslie Warren Nichols (father) appeals the decision of the

circuit court denying his petition to recalculate child support

payable to Lorinda K. Nichols (mother) on behalf of the parties'

two children.  Father contends that the trial court erred by (1)

failing to impute income to mother; (2) failing to calculate the

guideline amount of child support or to make adequate written

findings supporting its deviation from the guidelines; and (3)

ruling that changed circumstances resulting from father's new

family could not justify a reduction in his child support

payments.  We affirm the decision of the trial court.

     As the party seeking to modify the current child support

payment, father bore the burden to prove by a preponderance of

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the evidence both a material change in circumstances and that the change warranted a reduction in his payments.  See Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 118-19 (1991).  See also Code § 20-108.  "In discharging this burden, [the party] seeking a reduction in support payments must also make a full and clear disclosure about his ability to pay, and he must show his claimed lack of ability to pay is not due to his own voluntary act or because of his neglect."  Antonelli, 242 Va. at 154, 409 S.E.2d at 119.

### Imputation of Income

Father contends that the trial court erred when it failed to impute income to mother because she was underemployed.  See Code § 20-108.1(B)(3).  "Imputation of income is based on the principle that a spouse should not be allowed to choose a low paying position that penalizes the other spouse or any children entitled to support."  Calvert v. Calvert, 18 Va. App. 781, 784-85, 447 S.E.2d 875, 876-77 (1994).  In a prior order, the trial court encouraged mother to seek full-time employment.  However, mother presented evidence that her current part-time employment schedule of four different jobs reduced or eliminated certain expenses, such as child care, which she would incur working full-time.  Mother estimated she would need to earn $35,000 annually to cover those increased expenses and still receive the same net income.  Moreover, she worked approximately the same number of part-time hours as she worked at the time of

the previous hearing.  Cf. Brody v. Brody, 16 Va. App. 647, 432 S.E.2d 20 (1993) (imputing income to mother who quit a full-time position).  The trial court found that it would not be cost-effective for mother to work full-time.  "The judgment of the trial court concerning the extent to which the wife's earning capacity should affect . . . child support awards will not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it."  Kaufman v. Kaufman, 7 Va. App. 488, 494, 375 S.E.2d 374, 377 (1988).  Because credible evidence supports the court's finding, we find no error.

### Written Findings

Under Code § 20-108.1(B), the amount of child support calculated pursuant to the guidelines set out in Code § 20-108.2 is presumed to be correct.  See Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991).  Any deviations from the guidelines are to be set out in written findings which explain why the guidelines would be inappropriate or unjust.  Id. at 21-22, 401 S.E.2d at 896-97.

The previously set child support deviated from the guidelines.  The trial court found that father failed to present sufficient evidence of changed circumstances warranting a modification of the previously set child support.  Therefore, as the trial court found insufficient evidence to warrant a change in the child support payments, it was not required to recalculate

3

the basic guideline payment or reiterate in writing its reasons for deviating from that amount.  See Hiner v. Hadeed, 15 Va. App. 575, 577, 425 S.E.2d 811, 812 (1993).

## Father's Circumstances

Among the factors to be evaluated by the trial court considering a deviation from the guideline amount of child support is the "[a]ctual monetary support for other children, other family members or former family members." Code § 20-108.1(B)(1). See Farley v. Liskey, 12 Va. App. 1, 3-4, 401 S.E.2d 897, 898-99 (1991). Father presented evidence that his living expenses had increased since the last hearing, but admitted that the increased expenses resulted from the need to accommodate his new wife and her child. Father also admitted that his new wife does not receive any child support. No evidence showed that expenses attributable to the parties' sons had increased. We find no error in the trial court's conclusion that father's voluntary assumption of additional financial obligations on behalf of his new family did not justify a reduction in the amount of support paid for his sons.

Accordingly, the decision of the circuit court is affirmed. Considering all of the circumstances presented, we deny mother's motion for attorney's fees and costs expended in this appeal.

Affirmed.

Coleman, J., dissenting.

In my opinion, the appellant proved material changes in circumstance that were sufficient to have required the trial court to recalculate and redetermine the parents' respective child support obligations. Accordingly, I dissent from the majority holding.