COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

MARGARET L. SHARP
                                        MEMORANDUM OPINION[*]
v.   Record No. 0990-98-2                    PER CURIAM
                                         NOVEMBER 10, 1998
ROLAND M. WOODARD

            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    John F. Daffron, Jr., Judge

            (Augustus S. Hydrick, Jr., on briefs), for
            appellant.

            (Mary P. Usry; Hairfield, Morton & Allen, on
            brief), for appellee.


     Margaret L. Sharp (mother) appeals the decision of the

circuit court modifying the child support paid by Roland M.

Woodard (father).  Mother contends that the trial court erred in

(1) deviating from the presumptively correct amount of child

support payable under the statutory guidelines; and (2) failing

to award her attorney's fees and costs.  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of

the trial court.  See Rule 5A:27.

                    Deviation from Guidelines

     The facts are not in dispute.  As set out in the written

statement of facts, mother moved to reinstate this case and

sought a change in custody and in child support.  By agreement of

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the parties, mother was awarded sole custody of the parties' two minor children. The trial court calculated the amount of child support which would be presumptively correct under the statutory guidelines based upon the parties' joint income. See Code §§ 20-108.1(B) and 20-108.2(B). The court then determined that mother's receipt of approximately $100,000 as her share of the proceeds from the sale of an inherited beach house made application of the guidelines unjust or inappropriate. The court reduced the amount of support payable to mother by father from $958 to $750.

Mother contends that the trial court erred in deviating from the statutory guidelines on the basis of the sale proceeds. We find no error.

> "[I]n determining child support, there is a rebuttable presumption that the amount determined in accordance with the statutory guidelines, Code § 20-108.2, is the correct award." Should the trial judge conclude that "application of [such] guidelines would be unjust or inappropriate in a particular case as determined by relevant evidence pertaining to the factors set out in §§ 20-107.2 and 20-108.1," the court may depart from the statutory schedule, provided the attendant order adequately explains the deviation.

Cooke v. Cooke, 23 Va. App. 60, 63, 474 S.E.2d 159, 160 (1996) (citations omitted). See Richardson v. Richardson, 12 Va. App. 18, 401 S.E.2d 894 (1991). Here, the trial court first determined the parties' gross income pursuant to the statutory guidelines, then found that application of the guidelines would be unjust or inappropriate under the circumstances. The trial

court did not attempt to include the proceeds of the sale of the beach house in mother's gross income. Therefore, the extent to which mother realized any capital gains was irrelevant. Based upon this record, we do not find that the trial court's decision to deviate from the guidelines was an abuse of discretion. See id. at 21, 401 S.E.2d at 896.

### Attorney's Fees and Costs

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). The trial court found that mother had realized an "extraordinary gain" as a result of the sale of her family's beach house. We cannot say that the trial court abused its discretion in refusing to award mother her attorney's fees and costs.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

- 3 -