COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Frank


ROBERT WILLIAM LYFORD HUTCHINS

                                        MEMORANDUM OPINION*
v.   Record No. Record No. 2674-98-4         PER CURIAM
                                          JUNE 22, 1999
ROSANA LILLY CARRILLO


          FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    Richard B. Potter, Judge

          (Robert William Lyford Hutchins, pro se, on
          brief).

          No brief for appellee.


     Robert William Lyford Hutchins (father) appeals the decision

of the circuit court granting his motion to modify the child

support paid to Rosana L. Carrillo (mother).  In a previous

appeal, this Court reversed the order of the circuit court denying

Hutchins' appeal for failure to timely post the appeal bond and

remanded this matter to the circuit court "with instructions to

proceed as if father timely satisfied the appeal bond requirement

of Code § 16.1-296(H)."  Hutchins v. Carrillo, 27 Va. App. 595,

614, 500 S.E.2d 277, 286 (1998).  In the current appeal, father

contends that the trial court erred by (1) failing to proceed as

if father timely satisfied the appeal bond requirement of the

earlier appeal; (2) failing to backdate the final decree to the

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

time of the July 17, 1997 appeal; (3) improperly adjusting father's child support obligation for monetary support provided for other children; (4) failing to adjust father's child support obligation for tool bills generated for the production of income; (5) finding orthodontic care constituted an extraordinary medical or dental expense under Code § 20-108.1(B)(8); (6) failing to find that portions of the child support that deviated from the presumptive amount paid to date were earmarked for specific expenses and continuing those payments; and (7) failing to find that ordering the non-custodial parent to pay for orthodontic expenses was unconstitutional and a violation of equal protection. Upon reviewing the record and opening brief, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

### Effective Date for Modified Child Support

In his first two issues, father contends that the trial court failed to implement this Court's mandate on remand when the trial court ordered the modified child support to begin as of October 1, 1998, rather than retroactive to July 17, 1997, the date the circuit court denied father's previous appeal. We find no error.

Code § 20-108 provides "[n]o support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding party." (Emphasis added.) The trial court was

-

authorized, but not required, to make the modified support order effective as of a date no earlier than when mother received notice of the pending petition.  However, the effective date was a matter left to the discretion of the trial court.  The trial court's decision to make the modified child support effective as of the start of the month following entry of its final decree was not an abuse of discretion.  Therefore, we find no error.

### Determination of Child Support

Father also challenges the circuit court's decisions concerning modification of the presumptive amount of child support.  Father contends that the trial court failed to adequately consider his support for the child of his new marriage and the expense he incurred to purchase tools needed in his trade.  See Code § 20-108.1(B)(1) and (5).

As the party seeking to modify support, father was required to prove a material change in circumstances and that the change justified altering the amount of support.  See Yohay v. Ryan, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987).

> A material change in circumstances, standing alone, does not provide a basis for the trial court to modify its support decree.  A modification is appropriate only after the court has considered the material change in circumstances in relation to the factors set forth in Code § 20-108, namely, the present circumstances of both parties and the benefit of the children.  Thus, in a petition for reduction of support, the trial court must assess whether the requested reduction, based on a material change in circumstances, is justified in light of the

-

> overall circumstances of both parties and
> the impact on the needs of the children.

Id. In addition, "after determining the presumptive amount of support according to the schedule, the trial court may adjust the amount based on the factors found in Code §§ 20-107.2 and 20-108.1." Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991) (emphasis in original deleted; emphasis added). Code § 20-108.1(B)(1) authorizes a trial court to deviate from the amount of child support computed pursuant to the Code § 20-108.2 statutory guidelines when it finds application of the guidelines "would be unjust or inappropriate in a particular case." Code § 20-108.1(B). The deviation "shall be determined by relevant evidence" pertaining to certain factors set out in the statute. "If the applicability of the factors is supported by the evidence and the trial judge has not otherwise abused his or her discretion, the deviation from the presumptive support obligation will be upheld on appeal." Richardson, 12 Va. App. at 21, 401 S.E.2d at 896.

Father contends that the trial court failed to adequately consider the monetary support he pays for the daughter of his new marriage. Evidence relating to the "actual monetary support for other children" is a factor that the trial court may consider as warranting a deviation from the child support guidelines. Whether to grant any deviation is a matter left to the discretion of the trial court. The trial court granted father a $200 reduction in

-

gross monthly income as a deviation from the statutory guidelines based upon his "actual monetary support for other children."  See Code § 20-108.1(B)(1).  The evidence supports the trial court's decision, and we find no abuse of discretion.

Father also contends that the trial court failed to consider the costs he incurs to buy tools used in his work as an auto mechanic.  Among the factors which the trial court may consider when deviating from the child support guidelines is "[d]ebts incurred for production of income."  See Code § 20-108.1(B)(5).  Father testified that he pays an average of $400 a month to buy tools.  He produced bills for some tool purchases and tax forms listing unreimbursed business expenses. We cannot say that the trial court erred by refusing to find that father's work-related expense of purchasing tools warranted further reduction in father's gross income.

## Orthodontic Expenses

Father also raises several issues related to his payment of orthodontic expenses for the parties' children.  Father contends that, because there was no evidence that the orthodontia was medically necessary, the trial court erred by classifying the orthodontic expenses as extraordinary medical or dental expenses for purposes of Code § 20-108.1(B)(8) or § 20-108.2(D).  He noted that the orthodontic treatment of the parties' children was halted for approximately fifteen months, although he continued to make the payments.

-

Mother testified that father urged her to begin orthodontic treatment for the older child. She also testified that she used father's payments to pay approximately $1,500 as deposits on the orthodontia. She further testified that the anticipated additional expenses for the parties' two sons were $2,838 and $1,866, respectively, and that she continued to incur $267 in monthly orthodontic costs. Both parties testified that father's insurance did not cover all orthodontic expenses.

Code § 20-108.2(D) authorizes the trial court to add to the child support calculation "extraordinary medical and dental expenses," which are defined in the statute as "uninsured expenses in excess of $100 for a single illness or condition . . . ." Based upon mother's testimony that she paid $267 each month for uninsured orthodontic expenses, the trial court added that amount to the total amount of child support. The trial court rejected father's argument that orthodontic expenses were not medically necessary, noting that "orthodontics is a necessity for a child's well-being, for a child's self-esteem, if not for the medical necessity of being able to eat properly or growing up in the future with a set of teeth that can work properly." Because the orthodontic expenses satisfied the statutory definition, we find no error in the trial court's classification of the expenses as extraordinary for purposes of inclusion in child support.

-

The trial court calculated current child support based upon the current payments for orthodontics. While father contended that previously paid funds intended to pay for orthodontia were used by mother for living expenses, we find no error in the trial court's decision to incorporate into the child support calculation proven current expenses.

### Constitutional Challenges

Finally, father contends that the court's order requiring him, a non-custodial unmarried parent, to pay for orthodontic expenses violated his right to equal protection because similarly situated married parents could not be ordered to pay for orthodontia. Solely for purposes of this analysis, we will assume, though not decide, father's underlying premise is correct. See generally Morris v. Commonwealth ex rel. Morris, 13 Va. App. 77, 83, 408 S.E.2d 588, 592 (1991).

"It is firmly established that all actions of the General Assembly are presumed to be constitutional. Therefore, the party assailing the legislation has the burden of proving that it is unconstitutional . . . ." Etheridge v. Medical Center Hospitals, 237 Va. 87, 94, 376 S.E.2d 525, 528 (1989) (citations omitted). Father identified two classes of similarly situated parents that he alleged were treated differently, i.e., married parents and unmarried parents. While illegitimacy is a classification which has been afforded higher scrutiny, see, e.g., Pickett v. Brown, 462 U.S. 1 (1983), father has not

-

demonstrated that the classification he challenges must satisfy more than the rational basis test.  See Etheridge, 237 Va. at 103-04, 376 S.E.2d at 533-34.

"The rational basis test is satisfied 'if the legislature could have reasonably concluded that the challenged classification would promote a legitimate state purpose.'"  Id. at 104, 376 S.E.2d at 534.  "'Child support has long been recognized as an obligation owed to the infant child . . . [which] duty arises from principles of natural law.'"  Hur v. Department of Soc. Servs., 13 Va. App. 54, 58, 409 S.E.2d 454, 457 (1991) (citation omitted).  The legislature reasonably could have concluded that legitimate state purposes were served by ensuring that children whose parents were not married continued to receive adequate financial support, including payments for medical expenses incurred.  Therefore, father has failed to demonstrate that the inclusion in the child support calculations of expenses satisfying the definition of extraordinary medical expenses violated his right to equal protection.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-