COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Haley and Petty
Argued at Alexandria, Virginia


DEBORAH CLARE OLSON

                                                    MEMORANDUM OPINION[*] BY
v.            Record No. 2089-06-4                   JUDGE D. ARTHUR KELSEY
                                                    JULY 17, 2007
SCOTT CHARLES OLSON


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Rossie D. Alston, Jr., Judge

David M. Levy (Surovell Markle Isaacs & Levy PLC, on brief),
for appellant.

Timothy W. Graves (A Attorney LLC, on brief), for appellee.


The trial court ordered Scott Olson to pay child support to his former wife, Deborah Clare

Olson.  She appeals, arguing the trial court abused its discretion by departing downward from the

statutory guidelines without providing a sufficient explanation for doing so.  She also contends

the downward departure, however it may be explained, was plainly wrong and without evidence

to support it.  Agreeing with the first proposition, we remand without ruling upon the second.

"Code §§ 20-108.1 and 20-108.2 govern the method by which a trial court makes a child

support determination and award."  Princiotto v. Gorrell, 42 Va. App. 253, 258, 590 S.E.2d 626,

629 (2004).  Code § 20-108.1(B) applies a "rebuttable presumption" that the correct amount of a

child support award is determined pursuant to guidelines laid out in Code § 20-108.2.  To rebut

the presumption, the trial court "shall make written findings in the order, which findings may be

incorporated by reference, that the application of such guidelines would be unjust or

inappropriate in a particular case."  Code § 20-108.1(B).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The trial court's findings must "give a justification of why the order varies from the guidelines," id., in sufficient "detail and exactness to allow for effective appellate review of the findings," Pharo v. Pharo, 19 Va. App. 236, 238, 450 S.E.2d 183, 184 (1994) (citation omitted). The degree of specificity required depends on the context of the dispute and our ability to discern with confidence the basis of the trial court's decision. As we have explained:

> The statutory requirement of "written findings" was enacted by the legislature for a reason. By including this provision, the legislature intended that the trial courts would do something more than simply make a *conclusory* written statement of its findings. We conclude that the legislature intended that the trial courts would make explicit findings of fact amenable to appellate review. . . . Specifically, *these findings must identify the factors that justified deviation from the guidelines, and explain why and to what extent the factors justified the adjustment.*

Richardson v. Richardson, 12 Va. App. 18, 22, 401 S.E.2d 894, 896-97 (1991) (footnote and citations omitted) (emphasis added); see also Princiotto, 42 Va. App. at 260, 590 S.E.2d at 630; Herring v. Herring, 33 Va. App. 281, 289-90, 532 S.E.2d 923, 927-28 (2000).

The final divorce decree in this case ordered Scott Olson to pay $827 per month in child support, an amount the parties agree is $300 per month less than the presumptive award under Code § 20-108.2's guidelines.[1] The decree incorporated by reference the trial court's ruling from the bench that "a $300 deviation is appropriate under 20-108.1 (14, 15, 18)." When counsel questioned whether the downward departure related to Scott Olson's earlier agreement to fund a college investment fund for the children at a rate of $300 per month, the court replied:

> Actually I'm giving him – I reflected a lot of things, and if you look at the code provisions I cited, I think it was 20-108.1 (14, 15, 18). . . .

---

[1] Scott Olson asserts his former wife waived this issue under Rule 5A:18 by failing to object to the final decree her counsel drafted. We would agree were it not for her later, timely motion to reconsider which addressed the issue in considerable detail. See Newsome v. Newsome, 18 Va. App. 22, 25, 441 S.E.2d 346, 347-48 (1994); Lee v. Lee, 12 Va. App. 512, 515-16, 404 S.E.2d 736, 738 (1991) (*en banc*). The trial court denied the motion without elaboration.

> One of them was the tax considerations. One was a catch-all provision. I believe 18 is a catch-all. Provisions made with regards to marital property, that was 14. Tax consequences, that was 15 and 18, the catch-all.

The trial court added "that the reason for the deviation was because of the other considerations specifically the college payment."

These findings are insufficiently specific for us to conduct effective appellate review. The trial court mentioned three topics: tax considerations, the equitable distribution award, and the catch-all provision. We do not know, however, what tax considerations justified the reduction, which aspect of the equitable distribution award rebutted the presumptive award, or to what degree the catch-all provision caught some unspecified equitable reason for departing from the guidelines.[2] The "college payment" (an agreed monthly contribution by Scott Olson to a college fund) was one of "a lot of things" taken into account by the trial court, but we do not know why and to what extent the trial court relied upon either the college payment or the "other considerations" to justify the $300 per month adjustment.

Under Code § 20-108.1(B), the departure findings "must identify the factors that justified deviation from the guidelines, and explain why and to what extent the factors justified the adjustment." Princiotto, 42 Va. App. at 260, 590 S.E.2d at 630 (quoting Richardson, 12 Va. App. at 22, 401 S.E.2d at 897). Finding the trial court's explanation inadequate under this standard, we remand this case with instructions to enter an order in compliance with Code § 20-108.1(B).[3]

Remanded.

---

[2] The trial court's reference to statutory factors 14, 15, and 18 comes from the version of Code § 20-108.1 applicable at the time of the hearing. Statutory amendments effective after the hearing, but before the entry of final judgment, renumbered these factors. See 2006 Va. Acts chs. 785, 798 (effective July 1, 2006).

[3] Given our ruling, we deny Scott Olson's motion for an award of attorney fees on appeal.