COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Annunziata


JOSEPH GARY BENNETT, JR.
                                                  MEMORANDUM OPINION[*]
v.        Record No. 0588-10-4                          PER CURIAM
                                                      OCTOBER 5, 2010
COMMONWEALTH OF VIRGINIA,
  DEPARTMENT OF SOCIAL SERVICES,
  DIVISION OF CHILD SUPPORT ENFORCEMENT,
  *ex rel.* LISA DIANE BENNETT


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                          David S. Schell, Judge

          (Ronald L. Hiss, on brief), for appellant.

          (Kenneth T. Cuccinelli, II, Attorney General; Craig M. Burshem,
          Senior Assistant Attorney General; Beth J. Edwards, Regional Senior
          Assistant Attorney General; Nancy J. Crawford, Regional Senior
          Assistant Attorney General; Elana E. Strom, Assistant Attorney
          General, on brief), for appellee.


        Joseph Gary Bennett, Jr. (father) appeals a child support ruling where the trial court deviated

from the guidelines and ordered that the child support remain at the same amount as previously

ordered.  Father argues that the trial court erred by (1) refusing to lower the child support amount,

based on the evidence presented; (2) refusing to lower the child support amount once it found a

substantial change of circumstances and a presumptive amount; (3) failing to set out its reasoning

for its decision pursuant to Code § 20-108.1 and further failing to make a finding of fact to justify

the deviation; and (4) using speculation or conjecture to determine factors in the case.  Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On February 13, 2008, father and Lisa Diane Bennett (mother) entered into a separation and property settlement agreement (the agreement), which stated that father would pay $612 per month in child support for the parties' minor child. The agreement was incorporated into the parties' final decree of divorce on February 15, 2008.

On November 20, 2009, father filed a motion to modify child support and argued that due to the changes in the economy, his income was "greatly reduced." On March 18, 2010, the trial court heard evidence and argument from both parties.[1] The trial court found that there was a material change in circumstances because of the reduction in father's income. The trial court determined that mother's income was $45,000 per year, the child's health care cost was $137 per month, the day care cost was $450 per month, and father's "presumptive income figure" was $1,077 per month "based on his 2009 W-2." Therefore, the trial court concluded that the presumptive child support amount was $276 per month; however, it decided to deviate upwards and maintain the existing child support of $612 per month. The trial court explained the deviation was warranted because father did not adequately explain and report his income from his ownership interest in the family business, his side jobs, and loans that he received from his family. The trial court's order was entered on March 18, 2010, and father signed the order as "seen and object acceptions [sic] noted."[2]

---

[1] The Division of Child Support Enforcement intervened on behalf of mother.

[2] Mother argued that father's notation to the final order was not sufficient to preserve his issues for appeal pursuant to Rule 5A:18. See Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (*en banc*) (a statement of "seen and objected to" is insufficient to preserve an issue for appeal). However, in a bench trial, an appellant can preserve his issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or in a motion to reconsider. Id. The parties provided a statement of facts, which included father's closing argument. His closing argument was sufficient to preserve his issues of challenging the court's deviation from the child support guidelines.

ANALYSIS

Father argues that the trial court erred in deviating from the child support guidelines, especially after finding that there was a material change in circumstances.[3]

The decision to deviate from the child support guidelines is within the discretion of the trial court. See Rinaldi v. Dumsick, 32 Va. App. 330, 337, 528 S.E.2d 134, 138 (2000). "If the applicability of the factors is supported by the evidence and the trial judge has not otherwise abused his or her discretion, the deviation from the presumptive support obligation will be upheld on appeal." Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991).

"The starting point for a trial court in determining the monthly child support obligation of a party is the amount as computed by the schedule found in Code § 20-108.2(B)." Watkinson v. Henley, 13 Va. App. 151, 156, 409 S.E.2d 470, 473 (1991). Here, the trial court first determined the presumptive amount of child support by considering mother's income, father's income, the child's health care costs, and the day care costs. The presumptive amount of child support was $276 per month.

"Deviations from the presumptive support obligation must be supported by written findings which state why the application of the guidelines in the particular case would be unjust or inappropriate." Richardson, 12 Va. App. at 21, 401 S.E.2d at 896.

Contrary to father's arguments, the trial court provided written findings to explain why the presumptive child support guidelines were inappropriate. The final order stated as follows:

> HOWEVER, the court, having considered all the factors, has determined that it will deviate upwards. The deviation is based on the following: the father has not adequately explained the income of the business in which he has an ownership of [sic] business, did not report his side jobs in his income & expense sheet & that the loans from his family constitute underreported income. The court FINDS that the support obligation remains at $612.00/month as set forth in the parties' agreement.

---

[3] There is no dispute that there was a material change in circumstances.

The trial court clearly considered the Code § 20-108.1 factors, especially the "[e]arning capacity, obligations, financial resources, and special needs of each parent" and the "written agreement, stipulation, consent order, or decree between the parties which includes the amount of child support." Code § 20-108.1(B)(10) and (13). Accordingly, its ruling was not based on conjecture or speculation.

The trial court did not accept father's testimony regarding all of his sources of income. Father did not adequately explain his income from the family business, nor did he adequately report income from side jobs or loans received. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*).

In 2008, the parties entered into the agreement wherein they agreed that father's child support obligation would be $612 per month. The final order states that the trial court considered the parties' agreement and held that the child support would remain the same amount. See Watkinson, 13 Va. App. at 158-59, 409 S.E.2d at 474 ("if the trial court finds that the presumptive amount is unjust or inappropriate because the provisions in a separation agreement serve the best interest of the child, the court may vary from the guidelines by ordering support be paid in an amount equal to the benefits provided for in the contract").

Therefore, the trial court did not abuse its discretion in deviating from the guidelines and ordering father to continue to pay the same amount of child support.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.