UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, O'Brien and Senior Judge Haley
Argued at Fredericksburg, Virginia

ANGELIQUE RANGHELLI

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1766-18-4                      JUDGE GLEN A. HUFF
                                                    MAY 7, 2019
ROBERT RANGHELLI

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
David S. Schell, Judge Designate

Cristina O. Duarte (Duarte Advocacy, LLC., on brief), for
appellant.

Maureen A. Kersey (Maureen A. Kersey, PLLC, on brief), for
appellee.

Angelique Ranghelli ("wife") appeals the final divorce decree of the Circuit Court of

Prince William County awarding child support to Robert Ranghelli ("husband"). After

conducting a three-day *ore tenus* hearing on the parties' divorce, the trial court granted the

divorce, awarded husband primary custody of the parties' four children, and ordered the wife to

pay $1,528 in child support each month.

In two assignments of error, wife contends that the trial court erred by effectively

imputing income to her without first calculating the proper support amount under the guidelines.

She argues the trial court based its income determination on her average wages for the time she

worked over the course of two years but did not include in the average the significant periods of

unemployment. She argues that computation resulted in an award of child support that exceeds

the guideline amount without sufficient findings justifying the deviation. Because the trial court

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

based its child support calculation on the income wife earned between her most recent unemployment and the trial—and did not impute income to her—this Court affirms.

## I. BACKGROUND

"On appeal, [this Court] view[s] the evidence 'in the light most favorable to the prevailing party below and its evidence is afforded all reasonable inferences fairly deducible therefrom.'" Milam v. Milam, 65 Va. App. 439, 447 (2015) (quoting Bristol Dep't of Soc. Servs. v. Welch, 64 Va. App. 34, 40 (2014)).  So viewed the evidence is as follows:

The parties were married on December 29, 2008.  At the time, wife was eighteen years old, and husband was nineteen years old.  The parties had four children over the course of the marriage, and wife remained a homemaker throughout most of the marriage.

In March 2016, shortly before the parties separated, wife obtained her first job.  She worked at Safe Haven Security Services as a door-to-door salesperson for home security systems.  She did not receive an hourly wage or salary, but worked on a commission basis.  She worked from March 2016 to September 2016 and then became unemployed.  She returned to work at the same job from February 2017 through June 2017.  She then went on unpaid maternity leave to give birth to her fifth child.  She again returned to work in November of 2017 and continued working through the time of the *ore tenus* hearing.

At the *ore tenus* hearing, held June 11–13, 2018,[1] wife testified that her W-2 for 2017 showed she earned approximately $32,000.[2]  She also testified that she had earned approximately $15,000 so far in 2018.  Husband, on the other hand, offered wife's pay stubs as exhibits.  He

---

[1] Although the *ore tenus* hearing took three days, the majority of the hearing focused on evidence relating to the issues of custody or equitable distribution, which wife does not challenge here.  Therefore, only those facts relating to her claim the trial court erred in its child support calculation are recounted.

[2] She did not offer the W-2 as an exhibit.

offered twenty-five pay stubs for her first period of employment, totaling $31,222.02; nineteen for her second period of employment, totaling $19,504.87; and twenty-six for her current period of employment, totaling $27,545.86. The pay stubs demonstrated her income varied from one week to the next with a low of $50 in one week and a high of over $3,000 in another week. Husband argued that the trial court should average her current period of employment, demonstrated by the pay stubs from November of 2017 through May of 2018, to calculate wife's income for child support purposes.

The trial court agreed and awarded husband $1,528 per month in child support based on finding wife's income was $4,589 per month and crediting her $709 for the support of her fifth child. Wife moved to reduce the support award, which the trial court ultimately denied.[3]

This appeal followed.

## II. STANDARD OF REVIEW

"The determination of child support is a matter of discretion for the circuit court, and therefore we will not disturb its judgment on appeal unless plainly wrong or unsupported by the evidence." Niblett v. Niblett, 65 Va. App. 616, 624 (2015) (quoting Oley v. Branch, 63 Va. App. 681, 699 (2014)). "Child support decisions . . . 'typically involve fact-specific decisions best left in the "sound discretion" of the trial court.'" Id. (quoting Brandau v. Brandau, 52 Va. App. 632, 641 (2008)).

---

[3] The record does not include a transcript or a written statement in lieu of transcript for the hearing on the motion to reduce the support award. Therefore, this Court does not consider any arguments or evidence wife may have presented at that hearing. See Rule 5A:8(b)(4)(ii) ("When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered.").

III. ANALYSIS

Code § 20-108.2 controls the calculation of child support. It requires the trial court to calculate—based on each party's actual gross income, the number of children, and a "guidelines" schedule in the statute—a presumptive amount for a child support award. Richardson v. Richardson, 12 Va. App. 18, 21 (1991). The trial court may deviate from awarding the presumptive award, but it must consider several statutory factors and make written findings in support of its decision to deviate from the presumptive child support obligation. Tidwell v. Late, 67 Va. App. 668, 680 (2017) ("If a trial court determines that 'the application of such guidelines would be unjust or inappropriate,' it must make written findings to state what the amount of child support would have been pursuant to the guidelines and then explain 'why the order varies from the guidelines.'" (quoting Code § 20-108.1(B))). Under the statute, the trial court may deviate from the presumptive amount, among other reasons, when it imputes income to a parent because the parent is voluntarily unemployed or underemployed. Code § 20-108.1(B)(3); Niblett, 65 Va. App. at 630. Where a parent's income varies from year to year, the trial court must calculate the presumptive child support award based on the parent's "current income." Tidwell, 67 Va. App. at 681 ("We, therefore, conclude that the circuit court erred in averaging father's income [over four years], instead of using his current income, when it calculated child support pursuant to the guidelines in Code § 20-108.2.").

Wife contends that the trial court effectively imputed income to her because, as she claims, it averaged her wages for the weeks she worked over three years, but did not account for two substantial periods of unemployment during that time. She claims she never earned more than $32,000 in a year. Thus, she claims that, when the trial court found her income to be $4,589 per month ($55,068 per year), it erred by not basing its presumptive child support calculation on

her actual income. She claims that the trial court, in effect, deviated from the presumptive child support calculation without the required written findings.

Wife's contentions mischaracterize the trial court's decision. The trial court's calculation of her earnings is based only upon her earnings, as demonstrated by twenty-six of her pay stubs, from November of 2017 through mid-May of 2018. Wife's latest unemployment before trial ended in November of 2017.[4] The total income reflected on her pay stubs for the period following the latest unemployment is $27,545.86. Thus, her average weekly wage for that period is $1,059.[5] Annualized that represents $55,068.[6] Converting to monthly income, this demonstrates her income was exactly what the trial court found: $4,589 per month.[7] If the trial court had done what mother claims it did, the trial court would have calculated her income to be $4,844 per month.[8]

Although the trial court did not—as wife had requested—base its calculation of the presumptive child support award on her testimony regarding her income from the previous year, it did precisely what is required by Tidwell: The trial court based its presumptive child support award calculation on wife's most recent actual income. It then awarded that amount as child support. Its finding of wife's income is supported by credible evidence in the record—her pay stubs—and this Court will not disturb that finding on appeal. Patel v. Patel, 61 Va. App. 714,

---

[4] Although the time covered actually reflected twenty-eight weeks, there was no evidence explaining the missing two weeks, and the trial court was entitled to conclude that the pay stubs for those weeks were simply missing and averaging the remaining weeks would accurately calculate wife's wages.

[5] $27,545.86 divided by 26 equals $1,059.46.

[6] $1,059 times 52 equals $55,068.

[7] $55,068 divided by 12 equals $4,589.

[8] Husband submitted 70 of wife's pay stubs, totaling $78,272.76. If averaged, that represents a weekly income of $1,118, monthly of $4,844.67, and annual of $58,136.

727 (2013) ("The issue of [wife]'s income is a question of fact, and 'the judgment of the [circuit] court on questions of fact is entitled to great weight and will not be disturbed unless it is plainly wrong or without evidence to support it.'" (quoting Smith v. Board of Supervisors, 201 Va. 87, 91 (1959))). Finally, because the trial court awarded the presumptive child support award, wife's argument that the trial court erred by deviating from the presumptive amount is completely without merit, and this Court need not consider it further. Teleguz v. Commonwealth, 273 Va. 458, 471 (2007) ("Accordingly, these assignments of error do not address a ruling made by the trial court and we do not consider them.").

## IV. APPELLATE ATTORNEYS' FEES

In his brief, husband asks this Court to award him attorney fees and costs on appeal. "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." Friedman v. Smith, 68 Va. App. 529, 545 (2018); Rule 5A:30(b).

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695 (1996). Where, as here, a party's argument is "wholly meritless" or "an assertion not fairly debatable," this Court has "no reluctance imposing fees" on the other party. Brandau, 52 Va. App. at 642. Wife's argument was not fairly debatable as it did not address what the trial court actually did. Thus, after considering the arguments presented and the equities of the circumstances, this Court concludes husband is entitled to appellate attorneys' fees and costs. Thus we remand the case to the trial court for the determination of the appropriate appellate attorneys' fees and costs award. See Bchara v. Bchara, 38 Va. App. 302, 318 (2002) (remanding to the trial court to "determine the appropriate amount to award").

## V.  CONCLUSION

Because the trial court awarded the correct statutory child support amount based on an accurate calculation of wife's income, this Court affirms the trial court's child support award. This Court remands for the trial court to award appropriate appellate attorneys' fees and costs to husband.

<u>Affirmed and remanded.</u>