COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

STEVEN L. COMER

v.   Record No. 2348-95-4                    MEMORANDUM OPINION*
                                                  PER CURIAM
PAMELA PARSELL COMER                          APRIL 23, 1996

                                      FROM THE CIRCUIT COURT OF
PAGE COUNTY
                          Perry W. Sarver, Judge

          (Nancy M. Reed; Reed & Reed, on brief), for
          appellant.

          No brief for appellee.


     Steven L. Comer (husband) appeals the circuit court's

dismissal of his Motion to Set Aside Finding of Paternity and his

Motion to Eliminate or Modify Child Support.  On appeal, husband

raises the following questions: (1) whether previous court orders

established parentage pursuant to Code § 20-49.1; (2) whether the

trial court erred in ruling that husband was estopped to

challenge his paternity of Tyler Nelson Parsell; and (3) whether

the trial court erred in denying husband's motions.  Upon

reviewing the record and opening brief, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  Rule 5A:27.

     Husband was divorced from Pamela Parsell Comer (wife) by

decree entered May 2, 1994.  The decree noted that there was

_____
          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

proof of proper service upon husband, but husband failed "to appear, answer or otherwise respond to such process." There is no allegation that husband was not properly served or had no notice of the decree. The trial court found that the parties were married on June 16, 1990, and that "[t]here was one child born of these parties, to-wit: Tyler Nelson Parsell born February 4, 1989." Subsequently, a blood test determined that Tyler was not husband's biological child. Husband filed motions seeking to set aside the finding of paternity and to reduce or terminate his obligation to pay child support. The trial court denied husband's motions.

Husband argues that, under Code § 20-49.1(B), there are only two ways in which paternity may be established in Virginia. However, husband's argument is based on only a portion of the pertinent statute. Quoted more fully, the section states the following:

> The parent and child relationship between a child and a man <u>may</u> be established by written statement of the father and mother made under oath acknowledging paternity or scientifically reliable genetic tests, including blood tests, which affirm at least a ninety-eight percent probability of paternity. <u>Such statement or blood test result shall have the same legal effect as a judgment entered pursuant to § 20-49.8.</u>

Code § 20-49.1(B) (emphasis added). Sworn acknowledgements or genetic tests are permissible means of establishing paternity, but are in addition to the third means, "a judgment or order establishing parentage." Code § 20-49.8(A).

2

Husband began to challenge his paternity of Tyler in 1993. Nonetheless, in the final decree of divorce entered in 1994, the court found that Tyler was the child of these parties. Therefore, there was a judgment or order establishing parentage.

The trial court found that this case is controlled by Slagle v. Slagle, 11 Va. App. 341, 398 S.E.2d 346 (1990). In Slagle, as here, an unappealed divorce decree established parentage, but subsequent genetic testing proved that the husband was not the child's father. We ruled that "[t]he divorce decree constituted a final adjudication of . . . paternity, and [the father] is not entitled to rely on subsequent findings with respect to that issue as a basis of relief from the support ordered therein so long as that decree remains a valid, final judgment." Id. at 348-49, 398 S.E.2d at 350-51.

Husband's reliance on Dunbar v. Hogan, 16 Va. App. 653, 432 S.E.2d 16 (1993), is misplaced. There, the sole means to establish paternity was the putative father's sworn declaration. There was no previous adjudication of paternity. Therefore, Dunbar is inapposite to the circumstances here.

Husband also contends that the trial court erred in ruling that he was collaterally estopped from denying his parentage of Tyler because parentage was not an issue of fact actually litigated and essential to the judgment. The order speaks for itself and establishes that the question of parentage was determined by the court. See Slagle, 11 Va. App. at 345, 398

3

S.E.2d at 348-49.  In addition, the record establishes that Tyler was born before the parties married, and that husband questioned Tyler's parentage before the decree was entered.  Husband cannot now allege the order was entered "by accident, or surprise, or as a result of a fraud perpetrated on the court."  Id. at 346, 398 S.E.2d at 349.  Therefore, the trial court properly ruled that husband was estopped from contesting paternity.

Similarly, for the reasons previously set forth, we find no error in the trial court's dismissal of husband's motion to set aside the finding of paternity.

Finally, husband argues that the trial court erred in dismissing his motion to reduce or terminate child support.

> "The court may, from time to time after decreeing [for child support] . . . revise and alter such decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require."  Code § 20-108. "In exercising this power the court may revise and alter its decree if a material change in condition and circumstances has occurred."  Where a party has demonstrated a material change in circumstance, the trial court must determine whether that change justifies a modification in the support award by considering "the present circumstances of both parties and the benefit of the children."

Watkinson v. Henley, 13 Va. App. 151, 156, 409 S.E.2d 470, 472-73 (1991) (citations omitted).

Assuming without deciding that the trial court should have found that a material change in circumstances had occurred, there

4

was no evidence that Tyler's best interests would be served by allowing husband to reduce or terminate his support. Therefore, we find no reversible error on the part of the trial court in denying husband's motion to reduce or terminate support.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>