COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Annunziata
Argued at Alexandria, Virginia


JOHN WILLIAM KENNEY

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2306-01-4             JUDGE ROSEMARIE ANNUNZIATA
                                             AUGUST 13, 2002
CATHY ANDREA KENNEY


            FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                     Thomas D. Horne, Judge

         Matthew S. McConnell for appellant.

         J. Douglas Griffin for appellee.


     On December 19, 2000 the district court ordered John

William Kenney (father) to pay Cathy Andrea Kenney (mother) the

amount of $1,287.43 per month to support their children.  Due to

a mathematical error, the court amended its order to require

father to pay $1,388.80 per month.

     On January 16, 2001, father filed an emergency motion to

suspend his child support obligation to his children due to an

automobile injury.  The district court lowered his monthly

obligation to $600 per month.  Father appealed to the circuit

court.  The circuit court denied father's motion to suspend

child support.  It is from this decision that father appeals.

For the reasons that follow, we affirm.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## Analysis

Father claims that the evidence does not support the trial court's denial of his motion to suspend child support.  We disagree and, therefore, affirm.

"Decisions concerning child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence."  Smith v. Smith, 18 Va. App. 427, 433, 444 S.E.2d 269, 274 (1994).  It is the province of the fact finder to determine the credibility of witnesses, their veracity, and the weight to be given their testimony.  Brown v. Commonwealth, 156 Va. 947, 951, 157 S.E. 567, 571 (1931).  Accordingly, we view the evidence in the light most favorable to mother, the party prevailing below on this issue.  Germek v. Germek, 34 Va. App. 1, 8, 537 S.E.2d 596, 600 (2000).

Where a party seeks to modify child support, he has the burden of proving 1) a material change in circumstances since the most recent child support order 2) that warrants modification of that party's support obligation.  Yohay v. Ryan, 4 Va. App. 559, 359 S.E.2d 320 (1987).  To determine whether a modification is justified, the trial court must "consider[] the present circumstances of both parties and the benefit of the children."  Watkinson v. Henley, 13 Va. App. 151, 156, 409 S.E.2d 470, 473 (1991).

-

> The mere fact of a material change in the obligor parent's income, however, does not necessarily warrant a reduction in the existing child support obligation. The [court] is required to consider all the factors and guidelines enumerated in the Code for making such determinations and enter an award appropriate to the circumstances as they exist at that time.

Rawlings v. Rawlings, 20 Va. App. 663, 670, 460 S.E.2d 581, 588 (1995). For instance, "[w]here appropriate, the court shall consider the willingness and availability of the noncustodial parent to provide child care personally in determining whether child-care costs are necessary or excessive." Code § 20-108.2(F). Furthermore, we bear in mind the well-settled rule that in any child support case, "[t]he best interest of the child or children is the paramount and guiding principle in setting child support . . . ." Watkinson, 13 Va. App. at 158, 409 S.E.2d at 474.

In this case, father claims that he was physically unable to care for the children due to an injury he sustained in an automobile accident on December 25, 2000. The trial court found that father's injury constituted a material change in circumstances, but did not justify a modification in support. The trial court found that mother was in need and father was able to assist in providing for his children, specifically noting that father "[sat] idly by while costs of child care adversely affect[ed] the mother's ability to provide for the children's necessities." The evidence supports this decision.

-

Father claims, however, that the trial court erred in determining that he was able to care for his children because "[t]here was no evidence produced by [mother] that [he] was physically able to watch the Parties' minor children." We disagree.

Although father testified that his injuries prevented him from walking and thus caring for his children, the trial court was not required to accept that testimony. See Brown, 156 Va. at 951, 157 S.E. at 571 (holding that the weight accorded testimony is within the discretion of the trier of fact). Rather, the trial court, in its discretion, credited the testimony of mother, who stated she asked father to provide childcare for the children but he refused because "[h]e doesn't want to."

The court did not credit father's testimony, in part, because he had testified dishonestly in response to several questions and provided truthful answers only upon further examination. At trial, father initially denied several sources of income and expenditures that he later acknowledged, upon further inquiry. He admitted that he had a checking account primarily in his name that he shared with his female roommate, although initially testifying that he had no checking account. He admitted that he had an account with J.B. Robinson Jewelers where he had purchased two 14-karat gold bridal sets for $1,699.10 subsequent to his injury, after denying any such debt.

-

Finally, he claimed that he had obtained no loans since his injury, but then admitted to procuring an automobile loan on which he paid $840 per month.

Mother also presented evidence that father was able to financially support his children but chose to spend his income elsewhere. In addition to the expenses noted above, father testified that he signed for purchases with his Sears card since his injury, that he paid $320 per month on a loan for his Mazda Miata, $120 per month for car insurance, and that all his monthly automobile payments were current. Mother also testified that father expressed a desire to sign over his parental rights to avoid paying child support.

Finally, the evidence supports the trial court's finding that the children needed father's support. Mother testified that she was unable to provide the children with needed clothing and good meals, that she had borrowed money from all available sources, and that she was unsure of how she would pay her expenses. She stated that she incurred $322 in work-related childcare expenses per week. She testified that she had not received any child support, clothing, or anything else from father since his injury. Specifically, she recounted that she begged father to purchase clothing for the children on his Sears card, but he refused.

-

Thus, the evidence at trial adequately supports the trial court's decision, and we will not disturb it on appeal.

Affirmed.